## Schwilke's Appeal.

1. Under the 41st section of the Act of April 15th 1832, and section 6th of the Act of May 19th 1874, the awarding of an issue devisavit vel non by the Orphans' Court is of right, upon the request of either party, where the fact arising and in dispute is substantial and material to the inquiry; unless the whole evidence of the fact alleged is so doubtful and unsatisfactory, that a verdict against the validity of the will could not be allowed to stand.

2. The manner of obtaining the necessary information in regard to the extent and character of the evidence is left to the discretion of the Orphans' Court. It is not regulated by statute or prescribed by decision of the Supreme Court.

3. A decree of the Orphans' Court awarding an issue, is not a definitive decree from which an appeal lies to the Supreme Court; but a decree refusing an issue is a definitive decree from which an appeal can be taken.

4. An order of the Orphans' Court revoking letters testamentary is a final decree which may be appealed from, and should not be made except for cause shown after due notice and hearing, as prescribed by statute.

5. Upon the death of A. and proof of his alleged will before the register, letters testamentary were granted to B., the executrix named therein, and afterward C., the next of kin, petitioned the Orphans' Court to grant an issue devisavit vel non, and to revoke the letters, on the ground that the testator was incompetent to make a will, and was unduly influenced. B. filed an answer denying the allegations of the petition, and requesting the court to appoint a master to take testimony before granting the issue,—*Held*, that the Supreme Court would not reverse the court below for directing an issue devisavit vel non without first appointing a master; but that it was error for the court to revoke the letters testamentary without a citation, due notice to show cause and a hearing.

May 18th 1882.     Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey, Sterrett and Green, JJ.

Appeal from the Orphans' Court of *Lancaster county :* Of July Term 1882, No. 20.

Appeal of Catharine Schwilke from a decree of said court awarding an issue devisavit vel non, to test the validity of the alleged last will and testament of William Millar, deceased ; and revoking the letters testamentary granted on said will.

The following were the material facts : William Millar died December 11th 1881 leaving as his nearest of kin, Mary E. Smethurst, a niece. On December 6th 1881 he made the alleged will, which was duly proved, and letters testamentary granted thereon by the register to Catharine Schwilke, the executrix named therein. Subsequently Mary E. Smethurst, by her guardian, Wm. A. Smethurst, petitioned the Orphans' Court to grant an issue *devisavit vel non,* and to revoke the letters testamentary, on the ground that at the time of making

[Schwilke's Appeal.]

the alleged will, Millar was not of sufficient mind, memory and understanding, but that by the use of undue influence he was imposed upon and induced to make the will prejudicial to the petitioner's interests.

Catharine Schwilke filed an answer denying all matters set forth in the petition, and requested the court to appoint a master to take testimony, in order to ascertain whether the petitioner could produce sufficient proof to warrant granting the prayer of her petition.

The court refused to comply with this request and entered a decree directing an issue *devisavit vel non* to the Court of Common Pleas; also revoking the letters testamentary and ordering letters *pendente lite* to be granted to the executrix upon her giving adequate security. PATTERSON, J., delivered the opinion of the court, inter alia, as follows :—"By the 22d section of article V., of the new Constitution, separate Register's Courts were abolished, and their jurisdiction and powers are now vested in the Orphans' Courts. The powers and duty of the latter court are clearly ascertained, we think, from the Act of 15th March 1832, entitled : 'An act relating to Registers and Register's Courts.' The 41st section of that Act, (Pur. Dig., p. 1256), reads : 'Whenever a dispute upon a matter of fact arises before any Register's Court, the said court shall at the request of either party direct precept for an issue, etc.' The language there—'shall,' seems mandatory, and no other meaning can be fairly insisted on ; it being always understood that the disputed fact on which an issue is claimed must be a material fact in the controversy, and be so regarded by the court. . . . It is conceded that this court, like the Register, and formerly the Register's Court, is not bound under the act referred to, to award an issue when demanded, in every case, as to the validity and right execution of a will: 11 Smith 43, Graham's Appeal ; Idem 196, Cozzen's Will. But if the facts in dispute are clearly material, the court is bound to award an issue when requested by either party. The appeal filed in this court, distinctly states, in conformity with the 25th section of the Act of 1832, that the minor in whose interest the appeal is taken, "is a niece and next of kin" of the deceased, and is therefore a " person interested," as that section says, and hence entitled to claim a hearing in this court, and that alleged fact is not disputed or denied by the appellee. Where then is the necessity for this court to pause and take testimony ? The single matter of a dispute upon a matter of fact arises before the court, and nothing more ; and we have signified what tribunal in our opinion should determine that issue."

Thereupon Catharine Schwilke took this appeal, assigning for error, inter alia, the decree of the court.

[Schwilke's Appeal.]

*George Nauman* and *William Aug. Atlee*, for appellant.—
The Orphans' Court cannot award an issue on petition where
there is an answer filed denying the allegations in the petition;
but it is bound to hear testimony and to refuse the issue, when the
evidence is such that a verdict against the will ought not to be
allowed to stand. Nor can the court revoke letters testamentary
issued by the Register without hearing the case: Wicker-
sham's Appeal, 25 Sm. 334; De Puy's Appeal, 1 W. N. C. 212;
Wilson *v.* Gaston, 11 Norris 207; Knight's Appeal, 7 H. 493;
Bradford's Will, 1 Parsons 153; Graham's Appeal, 11 Sm. 43;
Colgate's Estate, 5 W. N. C. 170; Wainright's Appeal, 8
Norris 220. The decree of the Orphans' Court, granting an
issue, is a definitive decree, because it will not be certified back
to the Orphans' Court as in case of issues from chancery.
Granting an issue devisavit vel non ends the case as far as
Orphans' Court is concerned.

*H. M. North* and *S. H. Reynolds* (with whom was *B. F.
Eshleman*), for appellee.—Under sections 40 and 41 of the Act of
March 15th 1832 it was mandatory on the Register's Court (to
which the Orphans' Court has now succeeded) to grant an issue
at the request of either party whenever a dispute upon a matter
of fact material to the issue arose. The court may satisfy
itself as to the existence of a " dispute upon a matter of fact "
(1) By hearing evidence in open court; (2) By appointing an
examiner to take testimony; or (3) It may grant an issue upon
the affidavits of the opposing parties, one setting forth the
truth of material facts, and the other denying them. This last
method has been the uniform practice in Lancaster county for
fifty years, and was properly adopted by the court below in this
case: De Haven's Appeal, 25 Sm. 337; Hoge's Will, 2
Brewster 450; Bradford's Will, 1 Parsons 158. If the court
refuses an issue, that is a definitive decree, and an appeal can be
taken from it to the Supreme Court; but if it grants an issue,
that is not a definitive decree from which an appeal lies:
McCarter's Appeal, 28 Sm. 401.

Mr. Justice MERCUR delivered the opinion of the court
October 4th 1882.

This record presents two separate questions. They are
severally stated in errors assigned. The one is, that the court
erred in directing an issue devisavit vel non to the common
pleas, to try the validity of a paper purporting to be the last
will and testament of William Millar. The other, that the
court erred in revoking the letters testamentary issued thereon
to the appellant.

· [Schwilke's Appeal.]

1. The forty-first section of the act of March 15th 1832, Pur. Dig. 1256, pl. 22, declares, " Whenever a dispute upon a matter of fact arises before any register's court, the said court shall, at the request of either party, direct a precept for an issue to the court of common pleas of the county for the trial thereof." Section sixth of the act of 19th May 1874, Id. 1933, gives to the Orphans' Court all the jurisdiction and power vested " in the Orphans' or Register's Court." The language authorizing a register to issue a precept to the court of common pleas, directing an issue upon the facts touching the validity of a testamentary writing offered for probate, is not mandatory. Instead of the imperative " shall," applied to a Register's Court, the words " it shall be lawful," are substituted : Wickersham's Appeal, 25 P. F. Smith 334. The issue is of right under the 41st section cited, when the fact arising, and in dispute, is substantial and material to the inquiry, unless the whole evidence of the fact alleged be so doubtful and unsatisfactory that a verdict against the validity of the will should not be permitted to stand : Cozzen's Appeal, 11 Id. 196 ; De Haven's Appeal, 25 Id. 337. In what manner the Orphans' Court shall obtain the information necessary to decide intelligently, neither the act of assembly nor this court has prescribed. We will not assume that its sound discretion was unjustly exercised. If the court refuse to award the issue, it is such a definitive decree that an appeal therefrom lies to this court. In that case we consider the whole evidence on which the court below decided, and determine as to the correctness of its conclusion.

Directing the issue is not a definitive decree from which an appeal lies to this court. It is preliminary only. It is merely one step toward obtaining the verdict of a jury on the question of the truthfulness of the facts alleged : McCarter's Appeal, 28 Id. 401 ; Gellinger's Appeal, Lancaster Bar of June 10th 1882. After judgment on the issue, the question of the sufficiency of the evidence to justify the finding, may properly be brought before us. The record shows the facts averred by the appellee. If they be true, their materiality and controlling effect are undoubted. We see no such abuse of the discretion vested in the Orphans' Court, as to require its order for an issue to be interfered with.

2. The order revoking the letters testamentary is a final decree. It was made without citation and due notice to show cause, and without a hearing. Inasmuch as a preliminary step had been taken toward testing the validity of the will, the learned judge appears to have assumed that this gave him power to revoke the letters. No authority is cited to sustain this view. No act of assembly recognizes this as sufficient cause for· revocation. If the invalidity of the will be established, it will.

work a revocation of the letters. Until so decided, they can only be revoked for cause shown after due notice and hearing, as prescribed by statute.

And now, October 4th 1882, the appeal from the order directing the issue devisavit vel non, is quashed; and the decree revoking the letters testamentary, issued to the appellant, is reversed.