Estate of Samuel Royer, deceased.    Appeal of Samuel Wolf.

*Will—Issue d. v. n.—When to be awarded or not.*

An issue d. v. n. is of right when the fact arising and in dispute is substantive and material to the inquiry, unless the whole evidence of the fact alleged be so doubtful and unsatisfactory that a verdict against the validity of the will should not be permitted to stand.

*Will—Testamentary capacity—Degree of proof.*

Vague and indefinite indications of mental weakness will not suffice to deprive a man of his dominion over his estate, or defeat his right to dispose of it by will.

*Will—Testamentary incapacity—Issue d. v. n.*

An issue will not be awarded where the evidence showed that while the testator was advanced in years at the time of making the will, and not exempt from the infirmities of age or the impairment of the mental faculties incident thereto, disclosed no positive mental disability or incompetence to act understandingly, and where the sole act complained of was the displacement of the appellant as executor who was then eighty-seven, and the substitution of a younger man of unquestioned fitness.

Argued Nov. 11, 1897. Appeal, No. 144, Oct. T., 1897, by Samuel Wolf, from decree of O. C. Lancaster Co., refusing an

issue d. v. n.   Before RICE, P. J., BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.   Affirmed.

Rule on executors of Samuel Royer, deceased, to show cause why an issue devisavit vel non should not be granted.   Before LIVINGSTON, P. J.

The facts sufficiently appear in the opinion of the court.

The court below discharged the rule.   Samuel Wolf, the would be executor appealed.

*Errors assigned* were (1) discharging rule for an issue d. v. n. (2) In the opinion of the court as follows: "Being of opinion that, as Samuel Wolf is neither legatee, heir, or next of kin, to Samuel Royer, deceased, but a stranger to him, and to the estate, having no interest therein whatever; a mere intruder, having no right to object to the probate of the will or to take and enter an appeal therefrom, and having no right or standing in this court to demand or be made party to an issue devisavit vel non to test the validity of the instrument in writing purporting to be the will of Samuel Royer, deceased, the rule to show cause why an issue devisavit vel non should not be granted, etc., must be discharged and appeal dismissed.   The rule is therefore discharged by the court and the appeal dismissed."

*John H. Fry* and *B. F. Davis*, for appellant.—If from any cause he is so enfeebled in mind as to be incapable of knowing the property he possesses, he is without the required testamentary capacity: Wilson v. Mitchell, 101 Pa. 495; Shaver v. McCarthy, 110 Pa. 339; Tawney v. Long, 76 Pa. 106; Thompson v. Kyner, 65 Pa. 368; Daniel v. Daniel, 39 Pa. 191; 1 Redfield on Wills, 104, 122, 123.

Want of testamentary capacity once shown is presumed to continue until the fact of temporary capacity is established by convincing proofs: Leech v. Leech, 21 Pa. 67; Harden v. Hays, 9 Pa. 151; Titlow v. Titlow, 54 Pa. 216.

*J. Hay Brown* and *A. J. Eberly*, with them *W. U. Hensel*, for appellees.—An issue will not be granted, if upon the whole evidence, a verdict against the will ought not to be sustained: Boyer's Will, 13 Phila. 254; Wainwright's Appeal, 89 Pa. 220; Winpenny's Appeal, 8 W. N. C. 415.

An issue devisavit vel non will not be awarded unless sufficient evidence be furnished, which, if uncontradicted, would sustain a verdict against the will: Corson's Estate, 2 Montg. 173; s. c., 3 Montg. 103.

Evidence that the testator was old, intemperate and irascible is not sufficient to submit his mental capacity to a jury, in the absence of evidence that he was mentally unfitted to dispose intelligently of his property: Keating's Appeal, 17 Atl. 207; s. c. 36 P. L. J. 283, affirming McCullough's Will, 35 P. L. J. 169. See Napfle's Estate, 134 Pa. 492, affirming s. c. 46 L. I. 57. An issue as to testamentary capacity or undue influence will not be awarded upon mere evidence of old age, lessened mental activity or impaired memory. In such cases, the inquiry is always to be directed to the mental condition of the testator at the time of the execution of the will, and to the circumstances then surrounding him or affecting his action: Lennig's Estate, 36 W. N. C. 118; Shreiner v. Shreiner, 178 Pa. 57; Boehm v. Kress, 179 Pa. 387.

OPINION BY SMITH, J., January 18, 1898:

In October, 1884, Samuel Royer made his will, disposing of his entire estate, and appointed Samuel Wolf, Sr. and Adam Konigmacher executors. Subsequently, Adam Konigmacher died, and in July, 1890, his son Jacob Konigmacher was substituted by codicil. In January, 1893, the testator executed another codicil, in which he revoked the appointment of Samuel Wolf and appointed Jacob Konigmacher and W. K. Seltzer executors, and expressly ratified the will in all other respects. The testator died about two months after the execution of the last codicil, and his will was duly proved before the register of Lancaster county. From the decree admitting it to probate Samuel Wolf, Sr., appealed, alleging that he was interested in the estate by " being named in will of date of October 9, 1884, and codicil of date of July 31, 1890, as one of the executors of the will of said Samuel Royer," and assigned as reasons for his appeal that the testator was not of sound mind when he executed the codicil of January 25, 1893, and that the codicil was procured by fraud, duress, and undue influence. Evidence was submitted to the orphans' court on the question of the testator's mental capacity, with special reference to his ability to make

the codicil by which the appellant's appointment was revoked.
No attempt was made to invalidate the original will or the first
codicil. The court made no comment on the effect of this evi-
dence relating to the testator's mental capacity, but disposed of
the case on the ground that the appellant was a stranger to the
testator,—"a mere intruder"—not a "person interested" within
the meaning of the statutes allowing interested persons to in-
stitute a contest, and for this reason dismissed the appeal.

Two questions are raised by this record : (1) Was the evi-
dence produced sufficient to warrant the granting of an issue
devisavit vel non ? (2) Has Samuel Wolf such an interest in
the estate as entitles him to raise this issue ? Vague and indefi-
nite indications of mental weakness will not suffice to deprive
a man of his dominion over his estate, or defeat his right to dis-
pose of it by will. The testator was advanced in years at the
time of making his will, and was not exempt from the infirmi-
ties of his age or the impairment of the mental faculties inci-
dent thereto; but there is nothing in the evidence that shows
positive mental debility, or incompetency to act understand-
ingly, when making the codicil of January 25th. The sole act
complained of is the displacement of the appellant, who was
then eighty-seven years of age, and the substitution of a younger
man of unquestioned fitness for the active discharge of the
duties of the position. The appellant was not connected with
the testator or his wife by blood or marriage ; and the heirs and
legatees do not complain of the change.

From a close examination of the evidence it fails, in our opin-
ion, to show that the testator was not in the full possession of
his senses and entirely competent to dispose of his estate when
he made the last codicil. In this class of cases, where an issue
is asked for by one who has a right to demand it, "the issue is
of right, under the 41st section of the act of March 15, 1832,
when the fact arising and in dispute is substantial and material
to the inquiry, unless the whole evidence of the fact alleged be
so doubtful and unsatisfactory that a verdict against the validity
of the will should not be permitted to stand :" Schwilke's
Appeal, 100 Pa. 628. This rule, so often repeated by the
Supreme Court, has long been the established test as to whether
an issue should be granted; hence there is no difficulty, so far
as the law is concerned, in determining the proper course to

pursue. An examination of the evidence in the present case leads unhesitatingly to the conclusion that it is "so doubtful and unsatisfactory that a verdict against the validity of the will should not be permitted to stand." The few incidents shown, and upon which the appellant relies to prove mental incapacity, are common in every day life, even in persons far younger than the testator; but such casual departures from what men regard as the rational standard are not sufficient to deprive such persons of the right to dispose of their property by will.

Holding as we do that nothing was shown which would justify the framing of an issue devisavit vel non, it is unnecessary for us to pass upon the other question presented.

The decree is affirmed.