## Roberts *v.* Clemens, Appellant.

*Will—Issue devisavit vel non—Duty of trial judge.*

In an issue devisavit vel non, the trial judge sits as a chancellor, if in his opinion there is no evidence, or not sufficient evidence to set aside the instrument, it is his duty to give peremptory instructions to that effect to the jury.

*Will—Issue devisavit vel non—Testamentary capacity—Undue influence.*

On the trial of an issue devisavit vel non where the will was written by the wife of the principal beneficiary and is contested on the ground of lack of testamentary capacity and undue influence, it is the duty of the trial judge to give binding instructions for proponent, where it appears that the contestants were a brother and two nieces, children of a deceased brother, and that the principal beneficiary was a physician whose wife was a first cousin of the testatrix; that testatrix had lived in her cousin's family for some two or three weeks before her death, the husband ministering to her, as a physician, and the wife as a nurse; that eight days before her death, while ill·in bed, testatrix requested her cousin to draw her will, which the latter proceeded to do; that the will then drawn was afterwards formally witnessed, and disposed of all of her property; that the will itself showed testatrix possessed a full and detailed knowledge of all of her possessions; and that besides the principal beneficiary she named as legatees of specific articles no less than eight relatives.

Argued March 6, 1902. Appeal, No. 362, Jan. T., 1901, by defendant, from judgment of C. P. Chester Co., Aug. T., 1900, No. 10, on verdict for plaintiff in case of C. J. Roberts v. Jacob R. Clemens. Before McCOLLUM, C. J., DEAN, FELL, MESTREZAT and POTTER, JJ. Affirmed.

Issue devisavit vel non. Before HEMPHILL, P. J.

The opinion of the Supreme Court states the case.
The court gave binding instructions for plaintiff.
Verdict and judgment for plaintiff.   Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*William M. Hayes,* with him *J. Carroll Hayes,* for appellant.

*R. T. Cornwell* with him *John J. Gheen* and *Gibbons Gray Cornwell,* for appellee.

PER CURIAM, March 24, 1902:

This was an issue devisavit vel non, in the court below, to determine, (1) Whether the alleged will of Caroline Aiken was invalid because of want of testamentary capacity on the part of the testatrix? and (2) Whether said will was procured by the undue influence of Dr. C. J. Roberts and his wife Mary E. Roberts, the principal beneficiaries under it?   The testatrix was a widow and had no children.   Her nearest collateral relatives were Jacob R. Clemens, this defendant, and two children of a deceased brother.   The wife of plaintiff, Mary E. Roberts, was her first cousin.   The testatrix had lived in her cousin's family for some two or three weeks before her death; eight days before that event, while ill and in bed, she requested Mrs. Roberts to draw her will, which she proceeded to do, and wrote the one in question.   It was afterwards formally witnessed. It disposed of all her property; the will itself shows she possessed a full and detailed knowledge of all her possessions; besides Dr. Roberts and his wife, she names as legatees of specific articles, no less than eight relatives.   The will itself, with the oral testimony, completely rebuts the allegation of testamentary incapacity.   It is argued, that the fact of her large gift to the husband of her cousin, to the prejudice of her living brother and the children of a deceased one, was unnatural, and of itself suggestive of undue influence; this is a mistake; Dr. Roberts and his wife at the time of her husband's death and down to her own last illness, had, on the undisputed testimony, been particularly kind and attentive to her; the husband daily ministered to her as a physician, the wife as

a nurse; her last illness was in Dr. Roberts's house and she died there; what more natural, than that she should try to reward them by the gift of the larger part of her small estate, not worth over $2,000?

The complaint of appellant's counsel, that the action of the court was inconsistent and contradictory, and therefore betrays a doubt of the correctness of its judicial ruling, is not sustainable. There were two trials and two verdicts; when the first verdict was taken, the evidence for and against the will, was submitted to the jury who found for defendants, that is, against the will; on motion the court granted a new trial, and on the second, peremptorily directed a verdict for plaintiff, in favor of the will. After full argument and deliberation, the learned judge was of opinion there was no evidence sufficient to disturb the will. In this, after a careful perusal of the testimony, we fully concur with him. As we have more than once held, in reviewing such cases, the trial judge sits as chancellor; if in his opinion there was no evidence, or no sufficient evidence to set aside the instrument, it is his duty to give peremptory instructions to that effect to the jury: McCormick v. McCormick, 194 Pa. 107. He is bound to see that a will is not set aside without sufficient evidence of testamentary incapacity; and he determines the sufficiency of the evidence: Shaver v. McCarthy, 110 Pa. 339; and it is his duty, if in his judgment it be not sufficient, to withdraw the decision from the jury: Wilson v. Mitchell, 101 Pa. 495. As is said by our Brother Brown in Englert v. Englert, 198 Pa. 326, " The only sure protection to the estates of the dead passing to the beneficiaries under their wills can be found in the courts." That this protection was not had at the first trial, and was only effectual at the second, adds to instead of detracts from its value.

The judgment is affirmed and the issue is dismissed.