# Tyson's Estate.

*Wills—Probate—Issue devisavit vel non—Undue influence—Refusal of issue.*

An issue devisavit vel non on the ground of undue influence is properly refused, where it is shown that the testatrix, an elderly woman strong in mind, with clear intellect, knew her property and her relatives, that she dictated to counsel while alone with him the memorandum from which the will was written, giving reasons for making the legacies and for giving nothing to the contestant who had received large gifts from her and her brothers; that later she revised the paper when alone with her counsel who explained to her the effect the changes would have in enlarging the share of the residuary legatee; and that no one interested in the will or codicil was present when the directions for writing the same were given nor at their execution.

Argued Feb. 1, 1909. Appeal, No. 280, Jan. T., 1908, by Evan Kimbel, from decree of O. C. Montgomery Co., Oct. T., 1907, No. 28, refusing an issue devisavit vel non in estate of Sarah K. Tyson, deceased. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Petition for an issue devisavit vel non. Before SOLLY, P. J. The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in refusing an issue devisavit vel non.

*Louis M. Childs*, with him *E. L. Hallman, Wm. & J. C. Stuckert, Grim & Grim* and *Henry O. Harris*, for appellant.

*John M. Dettra, Montgomery Evans* and *N. H. Larzelere*, for appellees.

PER CURIAM, March 1, 1909:

This appeal is from the refusal of an issue devisavit vel non. The reasons assigned for the granting of an issue were that the decedent was without testamentary capacity and that the will and codicil were procured by undue influence exercised by

the two principal legatees. It was frankly conceded at the argument in this court that the first reason was not sustained and that the evidence would not have justified the orphans' court in granting an issue as to want of testamentary capacity.

On the question as to the exercise of undue influence by the two principal beneficiaries, the finding of the court is thus stated: "There is no evidence whatever to warrant the finding that the will and codicil are the result of any influence exercised over the decedent by either of these two men. The uncontradicted evidence is that the decedent, although weak in body, was strong in mind, and had a clear intellect; knew her property; her relatives; was a woman of firmness, directed the management of her farm and household affairs; gave directions as to repairs, etc., ordered and purchased her household supplies; took a lively interest in current events; was a daily reader of the newspapers and the Bible and other books; and was a remarkable woman for one of her age. A host of witnesses— neighbors, friends of the decedent, business men with whom she dealt, her physician, her counsel, the scriveners of the will and codicil, and others who were well acquainted with her— testified she was possessed of testamentary capacity; was capable of and did attend to ordinary business affairs; was of strong will power, and could not be dominated or controlled."

To this finding of facts it may be added that the will and codicil were written by counsel of the testatrix, one of whom had for many years represented her brothers, from whom she derived her estate. She dictated the memorandum from which the will, containing thirty-seven legacies, was written, while alone with her counsel, and assigned her reasons for making the legacies and for giving nothing to the appellant, who had received large gifts from her and her brothers. Six months later, when the codicil revoking some bequests, and reducing others, was written, she was alone with her counsel, who explained to her the effect the change in the will would have in enlarging the share of the residuary legatee. No one interested in the will was present when the directions for writing the will were given nor at its execution. It is as clear as anything can be made by human testimony that she knew what estate she

possessed and what she wanted to do with it, and that no influence of any kind was brought to bear upon her at the time of its execution. The most that can be said of the testimony against the will is that it showed that there was an opportunity for the exercise of influence, but there was no evidence of domination or control.

The order of the court refusing an issue is affirmed at the cost of the appellant.