# Hartman's Estate.

*Executors and administrators—Removal of executor—Husband and wife.*

1. The orphans' court may remove an executrix who refuses to sue her husband, when it is shown prima facie that he, an attorney and trustee of the testatrix, had received and not accounted for money of the testatrix, and this is the case although the executrix's account of the moneys she actually received and accounted for had been settled and adjudicated.

2. In such a case the confirmation of the account is not res adjudicata of the claim against the husband, nor is the confirmation a final decree; nor until the executrix is finally discharged is she relieved from the duty of collecting the debt due to the estate. If she refuses to do so, another person should be appointed to take proper action in the court of common pleas to collect the debt.

Argued Nov. 16, 1911. Appeal, No. 38, Oct. T., 1911, by Elizabeth A. Bender, from decree of O. C. Lancaster Co., March T., 1909, No. 15, removing executrix in Estate of Sophia Hartman, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Petition to remove executrix. Before SMITH, P. J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing executrix.

*John E. Malone*, with him *Amos E. Burkholder*, for appellant.—The confirmation of the account was conclusive: Helfenstein's Est., 135 Pa. 293; Marsteller v. Marsteller, 132 Pa. 517; Weiting v. Nissley, 6 Pa. 141; Connor v. Gibbons, 228 Pa. 617; Chambers's App., 11 Pa. 436; Schaeffer's App., 119 Pa. 640; Galloway's Est., 5 Pa. Superior Ct. 272; Patton's Est., 19 Pa. Superior Ct. 545.

*W. U. Hensel*, with him *F. S. Groff*, for appellees.—The orphans' court has no jurisdiction over accounts of

attorneys in fact and they should be called upon to account by a bill in equity in the common pleas: Fidelity Ins. Trust & Safe Dep. Co. v. Gazzam, 161 Pa. 536; Hengst's App., 24 Pa. 413; Weigley v. Coffman, 144 Pa. 489.

OPINION BY MORRISON, J., March 1, 1912:

We think the real question involved in this case is whether the orphans' court can remove an executrix who refuses to sue her husband, when it is shown prima facie that he, as attorney and trustee of the testatrix, has received and not accounted for moneys of said testatrix notwithstanding the executrix's account of the moneys she actually received and accounted for has been settled and adjudicated.

Sophia Hartman, the testatrix, had her home with her son-in-law, William K. Bender, in Lancaster county, for many years. On December 17, 1887, she appointed him her attorney in fact by letter of attorney delivered and recorded in Lancaster county, and he continued to act as such attorney in fact from that date until January 8, 1908, at which time she died testate, first having made her will of which she made her daughter, Elizabeth A. Bender, wife of said William K. Bender, sole executrix. Letters testamentary were committed to the said Elizabeth A. Bender, executrix, who filed an account, and one of the exceptions to said account was that she had not accounted for all the moneys she received, or should have received, from William K. Bender, who was attorney in fact for the deceased. It appears that at the hearing before the orphans' court this exception was withdrawn, without prejudice, and an adjudication of the account was duly filed. One-half of the estate was given by the testatrix to her daughter, Elizabeth A. Bender, and the other half to her two grandchildren, children of a deceased son.

After the account had been filed and confirmed, the said grandchildren presented a petition to the orphans' court asking for the removal of Elizabeth A. Bender, executrix,

for the reason that she had neglected and refused to bring suit for a large sum of money which came into the hands of William K. Bender as attorney in fact for the testatrix. To this petition an answer was filed denying that William K. Bender was indebted in any sum whatever to the estate of Sophia Hartman, and to this answer a replication was filed.

The learned court below said in regard to the matter: "There is not much room for argument as to the pleadings or jurisdiction. With petition, answer and replication, the pleadings are complete, and that the Act of May 1, 1861, P. L. 680, has given the court power to exercise a discretion in cases of this kind seems to be no longer in doubt;" citing numerous cases, among which are Kellberg's App., 86 Pa. 129; Schwilke's App., 100 Pa. 628. We entertain no doubt that the proceedings in this case on petition, citation, answer and replication were regular.

Before the decree was made removing the executrix a strong prima facie case was made out in support of the averments in the petition that William K. Bender, as attorney in fact, had received large sums of money belonging to Sophia Hartman, deceased, and that he had not accounted for the same, and it was further shown that Elizabeth A. Bender, executrix, his wife, absolutely refused to bring suit or take any steps to compel said William K. Bender to settle the account and pay over to her any sum which he might be found to be owing said estate. Upon this condition of things, the orphans' court made a decree removing Elizabeth A. Bender, executrix, and she took this appeal.

In support of the appeal the learned counsel first take the position that the account filed by the executrix, which was adjudicated and confirmed finally, was res adjudicata, and that the court had thereafter no power to dismiss the executrix. We cannot see much force in this contention. In the first place it does not appear that the question of the indebtedness of William K. Bender was passed upon in the account. Of course the adjudication and confir-

mation is final and conclusive as to what was contained therein and perhaps as to what should have been covered by the account. The question here involved is William K. Bender's account with Sophia Hartman under a letter of attorney. Over the settlement of this account we think the orphans' court had no jurisdiction. If this is so any adjudication of said account would not have any finality or binding effect upon Bender. See Cutler's Estate, 225 Pa. 167.

In Fidelity Ins. Trust & Safe Dep. Co., Admr., v. Gazzam, 161 Pa. 536, it was held as stated in the syllabus: "The fact that the account of an executor has been confirmed by the orphans' court, will not prevent the administrator d. b. n. c. t. a. of the testator from filing a bill in equity in the court of common pleas to set aside a power of attorney given by the testator to the executor, and to compel the executor to account for moneys alleged to have been fraudulently appropriated to his own use while acting as attorney in fact for the decedent in the latter's lifetime." While not precisely in point we consider Weigley v. Coffman, 144 Pa. 489, and Miller's Est., 136 Pa. 349, as sustaining the same doctrine. We therefore conclude that there is no merit in the question of res adjudicata.

The next position taken by the counsel is that the decree of the orphans' court confirming the account absolutely is a final decree and that it cannot be attacked collaterally. It is sufficient to say as to this branch of the argument that no attempt has been made to attack this decree collaterally, nor in any manner to disregard its full force and effect. Let it be conceded that the decree of the orphans' court confirming the account of the executrix was final and conclusive not only upon what the account contained, but what it ought to have contained, yet the case now before us is not touched by that doctrine. It is conceded that William K. Bender, as attorney in fact, received large sums of money belonging to the decedent and if it be true that he did not settle his account and pay over

said money to her in her lifetime, and that he has neglected and refused to settle and pay over the said moneys to her legal representative, then, in our opinion, the jurisdiction to compel him to settle and pay over is in the common pleas and not in the orphans' court.

The next position taken by the counsel for appellant is that the petition presented by the appellees which resulted in appellant's dismissal is not in the nature of a petition to review the account of the appellant. This is true. No one contends that it is a petition to review the account of the appellant. It is not even hinted in the proceedings that it is desired to review said account. We do not see any merit in the several positions taken by counsel. It is argued by them that appellant filed her final account and that it was confirmed absolutely, and for this reason the jurisdiction of the court to dismiss her was ousted. It is not, however, contended that she had been discharged as executrix. Moreover, the account is not designated as a final account. It is simply headed: "The account of Elizabeth A. Bender, Executrix, etc." Suppose that after this account was confirmed absolutely Bender had changed his mind and had settled with the executrix and paid over to her a considerable sum of money. Will it be contended by anyone that the orphans' court would have been without jurisdiction to compel said executrix to account for this money? Surely not. If this be conceded, then it is folly to contend that the orphans' court was without jurisdiction.

From the facts as disclosed to us by the record, and on due consideration of the arguments, we have all reached the conclusion that the learned court below exercised a wise and legal discretion in removing, after full hearing, Elizabeth A. Bender, executrix.

The assignments of error are dismissed, and the decree of the court below is affirmed at the cost of the appellant.