# Conway's Estate.

*Wills—Fraud—Undue influence—Testamentary capacity—Evidence—Insufficiency—Issue devisavit vel non—Refusal.*

1. An issue devisavit vel non is a matter of right where the existence of a substantial dispute upon a material question of fact is demonstrated by competent evidence; when upon a review of all the proofs a verdict against the will could be properly sustained

by a trial judge, the controversy must be submitted to a jury, even though the judge should feel that were he sitting as a juror he would not draw the inferences or reach the conclusions contended for by contestants, but if the testimony is such that the judge would feel constrained to set aside a verdict against the will, as contrary to the manifest weight of the evidence, it cannot be said that a substantial dispute has arisen, and in such case the issue should be refused.

2. A petition for an issue devisavit vel non alleged that fraud had been practiced upon testator·by substituting the paper offered for probate for another which had been drawn for him as his will, that he lacked testamentary capacity, and that undue influence had been exercised over him. The evidence of fraud was insufficient to warrant a finding that fraud had been practiced upon testator. Ten or more witnesses called by proponent had had business dealings with him and many of them had known him for years; after stating what they knew of him they expressed the opinion that he had testamentary capacity. There was no evidence that decedent's mental faculties were impaired, and the only evidence of undue influence was that there was an opportunity for the exercise thereof. *Held,* the court did not err in refusing the issue.

Argued Feb. 20, 1917. Appeal, No. 2, Jan. T., 1917, by Elizabeth Gilroy, Administratrix of the Estate of Mary McAndrew, deceased, from order of O. C. Lackawanna Co., Year 1914, No. 698, refusing issue devisavit· vel non, in Estate of Patrick J. Conway, deceased. Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Appeal from decree of register of wills refusing an issue devisavit vel non. Before SANDO, P. J.

The opinion of the Supreme Court states the facts.

The court refused the issue and dismissed the appeal. Elizabeth Gilroy, Administratrix of the Estate of Mary McAndrew, deceased, appealed.

*Error assigned* was the decree of the court.

*Joseph O'Brien,* with him. *James J. Powell* and *Charles P. O'Malley,* for appellant.

*M. J. Martin,* with him *Charles H. Welles, J. H. Torrey, David J. Reedy* and *Thomas P. Hoban,* for appellee.

PER CURIAM, March 23, 1917:

This is an appeal from the refusal of an issue devisavit vel non. One of the reasons given in asking for it was that a fraud had been practiced upon the testator by substituting the paper in controversy at the time he signed it for another which had been drawn for him as his last will and testament. We have not been convinced that the learned court below erred in holding that the testimony was "wholly insufficient to support any such finding." Nor have we been convinced that error was committed in disposing of the other two branches of the case, as to which the learned court said: "Some ten or more witnesses were called by the proponent to establish testamentary capacity of the decedent. They were men who had business dealings with him, friends and his neighbors, many of whom had known him for years. They were in a position to hear him talk, to observe his actions and conduct, and note any change in him. Before expressing an opinion as to his mental capacity, they qualified themselves by stating facts upon which it was based. The evidence adduced by the contestant in our opinion does not show any impairment of the decedent's mental faculties, and there can be no question under all the evidence that there was any. Therefore the burden of proof is upon the contestant to show undue influence......On this branch of the case it is enough to say that the testimony is wholly insufficient to support a finding that Mrs. Conway exercised any influence over the mind of the decedent at the time of the making of the will. The most that can be found from the testimony is that there was an opportunity for the exercise of influence, and this is held insufficient to submit to a jury in Tyson's Estate, 223 Pa. 596."

"An issue devisavit vel non is a matter of right where the existence of a substantial dispute upon a material

question of fact is demonstrated to the court by competent evidence which, under the circumstances of the case, measures in probative force up to the requirements of the law; or, in other words,—as the rule has heretofore most often been put,—when upon a review of all the proofs a verdict against the will could be properly sustained by a trial judge, the controversy must be submitted to a jury, even though the judge should feel that were he sitting as a juror he would not draw the inferences or reach the conclusions contended for by the contestants. But if the testimony is such that the judge would feel constrained to set aside a verdict against the will as contrary to the manifest weight of the evidence, determined according to relevant legal standards, it cannot be said that a substantial dispute has arisen": Phillips' Est., 244 Pa. 35. "This simple and only safe test is supported alike by reason and authority": Appeal of Knauss et al., 114 Pa. 10, 20.

Appeal dismissed at appellant's costs.