## Hile's Estate.

Argued February 1, 1933.  Before FRAZER, C. J., KEP-
HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Jacob M. Goodyear,* with him *Everett MacKinstry* and
*Myers & Myers,* for appellant.—Where a substantial dis-
pute exists upon a material fact it is mandatory upon
the court to grant an issue: DeHaven's App., 75 Pa. 337,
340; Harrison's App., 100 Pa. 458, 460; Schwilke's
App., 100 Pa. 631; Knauss's App., 114 Pa. 20.

*T. Z. Minehart,* with him *Paul M. Crider,* for appellee,
cited: Fleming's Est., 265 Pa. 399; Guarantee T. & S.
Dep. Co. v. Heidenreich, 290 Pa. 249; Central Trust Co.
v. Boyer, 308 Pa. 402.

OPINION BY MR. JUSTICE KEPHART, March 20, 1933:
Julia Goodhart, the contestant, claiming to be a daugh-
ter of John S. Hile, deceased, appealed from the decision

of the register of wills admitting his will to probate. The Orphans' Court of Franklin County on the report of an examiner refused an issue devisavit vel non. Thereafter contestant endeavored to open the adjudication on the basis of after discovered evidence; the court below refused the prayer of petitioner and this appeal followed.

The evidence discloses that two men bearing the same name, John Hile, were born about the same time and lived in the same vicinity. One of these individuals, the father of contestant, had been an inmate of the County Home, placed there by his family because of his weakened mental condition. The contestant, Julia, was placed in an orphanage, and the record of her admission to that institution shows that her father, John Hile, was then at the home. The records show no discharge of her father therefrom although apparently he left it at sometime. It appears that he lived an unsettled life, wandering about the countryside with a wife, Nancy Knight, and three children. He died about 1891 or 1892, having been buried from the home, to which, apparently, he had returned prior to his death. The other John Hile, the testator, though bearing the same name and about the same age, was an educated and respected citizen of Franklin County, a business man of ability and intelligence who had lived in that community for fifty years or more. His history appears chronologically in the testimony, almost without a break, from birth to death, showing his domestic, business and religious connections. He had been twice married and it was as a daughter of his first wife that Julia filed her appeal. The testimony is abundant that this John Hile had no children by either wife.

The court held that there were two John Hiles, one of unsound and the other of sound mind, and that the contestant was the daughter of the one of unsound mind. Appellant contends that the issue was one for the decision of a jury.

The principles of law which govern the granting of an issue devisavit vel non are not unsettled, vague or difficult of comprehension, and have been stated by this court on numerous occasions. The application of these principles is not as simple as their statement. It is this latter problem which has led appellant to bring the case to this court. Contestant bases her claim for an issue on section 21 (b), Act of June 7, 1917, P. L. 363: "Whenever a dispute upon a matter of fact arises......the court shall, at the request of either party, direct a precept for an issue to the court of common pleas of the county for the trial thereof."

The mere circumstance that a fact is alleged and proponents of the will deny it does not of itself raise such a dispute of fact for a jury to pass on as this statute contemplates. It is the evidence of the fact on the one hand and the evidence in denial on the other, which raises such a substantial and material dispute as this court must alone consider in determining the right demanded: Sharpless's Est., 134 Pa. 250. As the rule is usually stated, an issue should be denied in a case where, after a careful consideration and review of all the evidence, the trial judge would feel compelled to set aside a verdict, if found for the petitioner, as impossible and improper on the strength of the evidence. See Wolfe's Est., 284 Pa. 169; Fleming's Est., 265 Pa. 399; Conway's Est., 257 Pa. 314; Phillips' Est., 244 Pa. 35; Roup's Est., 236 Pa. 31; Graham's Est., 225 Pa. 314; Knauss's App., 114 Pa. 10; Harrison's App., 100 Pa. 458; Schwilke's App., 100 Pa. 628. To sustain the grant of an issue, the evidence must be such as would permit a verdict for either party to stand. Otherwise, there is no substantial dispute upon a material question of fact. The evidence of the contestant, standing alone, may present a prima facie case, but it is not of itself sufficient to entitle her to an issue as a matter of right, for the reason that it may be so overwhelmingly swept aside by

opposing proof as to leave no substantial dispute to pass on: Fleming's Est., supra; Sharpless's Est., supra.

In Fleming's Est., supra, we said at page 406: "In a will contest the judge sits as a chancellor (Roberts v. Clemens, 202 Pa. 198; McCormick v. McCormick, 194 Pa. 107) and must consider all the evidence; and the question is not whether a part of the evidence, standing alone, would support a certain verdict but whether it would be considered as a whole: Keller v. Lawson, 261 Pa. 489. 'In every case tried before a jury in which the trial judge sits as a chancellor, the evidence is addressed to him quite as much as to the jury—it must as a whole be judged by him independently of the jury—must satisfy his [legal] conscience as well as the jury—and cannot be rightfully submitted to the jury as a basis of any finding which he would not approve; in a word, he cannot permit the jury to do what he as a chancellor [after weighing the evidence in the light of the established law upon the subject] would not do': Phillips' Est., supra, page 42; Caughey v. Bridenbaugh, 208 Pa. 414, 415; Robinson v. Robinson, 203 Pa. 400."

We agree with the orphans' court in the statement from its opinion: "The contestant fairly states that there is not sufficient evidence of any undue influence to sustain that question. With this the court agrees and it does not require further consideration.

"Under the evidence as introduced......there arises two questions for our determination: First. Is the petitioner, herein referred to as the contestant, the daughter of John S. Hile, the testator? Second. If so, was said John S. Hile of sufficient testamentary capacity when said will was made to properly execute the same?

"It follows as a matter of course that, if it is held that said contestant is not the daughter of said John S. Hile [the testator], she has no standing whatever to prosecute this appeal or to have an issue awarded, and the second question would not then require determination by the court."

It would serve no useful purpose to set forth and analyze in detail the voluminous evidence on this question of whether or not contestant is the daughter of John S. Hile, the testator. The court below fully and fairly narrates it. We are of one mind after carefully reviewing the record that no substantial dispute on a material fact is raised therein. The hesitant and uncertain testimony of contestant's witnesses is overwhelmed by that of numerous relatives, friends, neighbors, former domestics and employees of testator, called as witnesses for the proponent. Contemplation of all the testimony leaves no doubt that a court would be unable to permit a verdict of a jury in contestant's favor to stand, but would be compelled to set such verdict aside as improper and against the pressing weight of the evidence.

Decree of the court below is affirmed at the cost of appellant.