In re ESTATE OF Dolores Jean ANDREWS, a/k/a Delores J. Andrews, a/k/a Jean Andrews, Deceased, Appellee.

### Appeal of Marlene K. English, Executrix (Removed), Appellant.

Superior Court of Pennsylvania.

Argued Jan. 28, 2014.

Filed May 29, 2014.

---

Dwight L. Koerber, Jr., Clearfield, for appellant.

David C. Mason, Philipsburg, for McBride, participating party.

BEFORE: BOWES, WECHT, and STABILE, JJ.

OPINION BY BOWES, J.:

Marlene K. English appeals from the April 4, 2013 order removing her as executrix of the estate of Dolores Jean Andrews a/k/a Delores J. Andrews a/k/a Jean Andrews.[1] We affirm Appellant's removal as executrix and the appointment of Linda M. McGarry as personal representative in place of Appellant. We vacate the portions of the April 4, 2013 order that appointed Mary L. McBride as a co-administratrix of the estate and directed the register of wills to grant letters of administration to Ms. McGarry and Ms. McBride. Letters testamentary must be granted to Ms. McGarry.

Ms. Andrews died testate on October 6, 2011. On October 20, 2011, the Register of Wills of Clearfield County admitted to probate a will dated October 1, 2010, and issued letters testamentary to Appellant. The will provided that the decedent's residuary estate be divided equally among her four surviving daughters: Appellant, Marjorie L. Crago, Mary L. McBride and Linda M. McGarry. Ms. McBride's share of the residuary estate was reduced by a $25,000 advancement that Ms. Andrews made to her. The testatrix appointed Appellant as executrix of her estate. The will provides, "In the event that [Appellant] is unable or unwilling to so serve, at any time, for any reason, I appoint my daughter, MARJORIE L. CRAGO, Executor [sic] in her place." Will, 10/1/10, at 2. The will continues that if Ms. Crago "is likewise unable or unwilling to so serve, at any time, for any reason, I appoint my daughter, LINDA M. McGARRY, Executor [sic] in her stead." Id. Finally, with respect to the appointment of a personal representative, Clearfield Bank and Trust Company is named as executor in the event that Ms. McGarry was unable or unwilling to serve as personal representative of the estate.

On January 23, 2012, David C. Mason, Esquire, entered a praecipe for entry of appearance on behalf of Ms. McBride and Ms. McGarry (the "petitioners"). On March 7, 2012, the petitioners filed a petition to compel the filing of an inventory. They averred the following. By letter dated January 23, 2012, the petitioners asked the attorney for the estate, Mr. Dwight Koerber, to file an inventory. In derogation of responsibilities imposed by 20 Pa. C.S. § 3301, Appellant did not file that document. 20 Pa.C.S. § 3301(a) ("Every personal representative shall file with the register a verified inventory of all real and personal estate of the decedent, except real estate outside of this Commonwealth.") 20 Pa.C.S. § 3301(c). "Any par-

---

1. The order in question is appealable as of right. Pa.R.A.P. 342(a)(5) ("An appeal may be taken as of right from the following orders of the Orphans' Court Division: ... [a]n order determining the status of fiduciaries ... in an estate [.]").

ty in interest in the estate may request the filing of an inventory … by writing delivered to the personal representative or his attorney in which event an inventory shall be filed within three months after the appointment of the personal representative or within 30 days after the request, whichever is later."

Petitioners further averred that Appellant was dissipating estate assets by disposing of various items of personality contrary to the terms of the will, that she was acting in contravention to the estate interests by failing to "acknowledge to the attorney for the estate the significant indebtedness which the Personal Representative has to the decedent," and that she had failed to disclose other estate assets to the petitioners. Petition to Compel the Filing of an Inventory Pursuant to 20 Pa.C.S. § 3301, 3/7/12, at ¶ 7.

Simultaneously with the filing of the petition to compel preparation of an inventory, the petitioners filed a petition for the removal of Appellant as executrix. They set forth that Appellant had a conflict of interest in that she was "the largest debtor of the estate" and owed it in excess of $113,000. Petition for Removal, 3/7/12, at ¶ 5. The petitioners additionally charged Appellant with self-dealing by purchasing estate assets for less than fair market value and by removing personalty without distributing it in accordance with the terms of the will. The petitioners then filed a request that they be appointed as co-executrixes. Appellant countered that the money approximating $113,000 was not a loan and was not subject to repayment to the estate. Appellant was represented by the attorneys for the estate in connection with this position.

The matter proceeded to a hearing, where the following was adduced. Appellant was her mother's power of attorney prior to her death. From 2002 to 2009, a series of eighteen checks were issued payable either directly to Appellant or to her wholly-owned corporation, Heritage Motor Freight, from a banking account containing the decedent's assets. Some of the checks were signed by Ms. Andrews while others were executed by Appellant as power of attorney. Each check had "loan" written on the memo line. The checks totaled $110,675. Appellant represented at the hearing that she attempted to repay the amounts but her mother refused those attempts and thus, forgave the debt and converted the transfers to gifts. Pointing to the fact that the will expressly charged Ms. McBride with the advancement made to her while omitting any reference to the advancements made to Appellant, Appellant claimed that the money given to her were advancements that did not have to be repaid to the estate.

On April 4, 2013, the orphans' court granted the petitioners' relief, based upon the following findings of fact:

1. During her lifetime the decedent provided the approximate amount of $113,000.00 to the now Executrix Marlene K. English;

2. These monies were drawn on the checking account of the decedent and each check indicates "loan". This includes checks written to Marlene K. English which were signed by Marlene K. English as Power of Attorney for the decedent.

3. The Executrix has taken the position that these "loans" were not subject to repayment, and that she owes no duty to repay this amount to the Estate.

4. The Court finds that these circumstances constitute a clear conflict of interest for the continued service of Marlene K. English as Executrix of the Estate.

Trial Court Order, 4/4/13, at 1. It removed Appellant as executrix and appointed the

petitioners as co-executrixes in her stead. This appeal followed. Appellant presents these issues for our review:

1. Whether the Orphan's Court erred as a matter of law, and abused its discretion in removing Appellant as executrix due to an alleged conflict of interest, without making any review or determination of the underlying facts or legal principles relative to interpretation of the Will of the testatrix.

2. Whether the Orphan's Court erred in failing to review the pertinent standards for interpreting a Will, as doing so would have shown that the alleged "loans" were not collectible debts owed to the Estate.

3. Whether the Orphan's Court erred in choosing to ignore and make no findings of fact relative to highly pertinent evidence of record produced during the 2 days of hearings.

4. Whether the Orphan's Court abused its discretion in passing over Marjorie L. Crago as the successor executrix and further compounded that abuse of discretion in appointing Mary L. McBride who was obviously in an adversarial role with decedent at the time of her death and at the time of the signing of her Last Will and Testament.

Appellant's brief at 3–4. This statement of issues suggests that Appellant is presenting four positions; however, in her brief, she advances only three arguments and melds the first three contentions into two.[2]

■ Initially, we recite the pertinent standard of review: "The removal of an executrix is a matter vested in the sound discretion of the trial court, and thus we will disturb such a determination only upon a finding of an abuse of that discretion." *In re Estate of Mumma,* 41 A.3d 41, 49 (Pa.Super.2012). The grounds for removal of a personal representative are delineated in 20 Pa.C.S. § 3182. That statute allows the orphans' court to replace a personal representative when he or she "is wasting or mismanaging the estate, is or is likely to become insolvent, or has failed to perform any duty imposed by law" as well as "when, for any other reason, the interests of the estate are likely to be jeopardized by his continuance in office." 20 Pa.C.S. § 3182(1)(5).[3] The orphans' court concluded that Appellant's position on the money she received jeopardized the estate interests, warranting her removal.

■ In challenging this determination, Appellant observes that the orphans' court refused to make any determination as to whether the money in question was a loan as opposed to a gift or advancement that did not have to be repaid. In her first argument on appeal, Appellant maintains that this omission was error and that the orphans' court should not have rendered a determination that a conflict of interest existed without first ascertaining whether the transferred money had to be repaid to the estate. Appellant's brief at 18 ("it was an abuse of discretion for the Orphans' Court to remove the testatrix [sic] based upon the 'alleged' conflict of interest, without first making a determination of whether in fact these payments were a debt which the estate was obligated to collect").

Appellant's second argument is a natural extension of her first one. She delineates the evidence that she presented at the

---

**2.** We observe that Pa.R.A.P. 2119(a) provides: "The argument shall be divided into as many parts as there are questions to be argued; and shall be at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."

**3.** There are other bases for removal that are not pertinent herein.

removal hearing and relies upon that proof to support an argument that the money was not a debt that she owed the estate. In this section of her brief, Appellant examines the provisions of the will and the laws governing interpretation of wills, and maintains that the $110,675 transferred to her was an advance that did not have to be repaid under the language of the will. Thus, she essentially bootstraps her position that the money did not have to be repaid under the terms of the will to prove that she does not have an actual conflict of interest. Appellant's brief at 27 ("the terms of the Will, when interpreted properly, show that there is no debt to collect and hence no conflict of interest").

■ However, Appellant's position on appeal establishes unequivocally that she does, in fact, have a direct conflict of interest. She is insisting she does not owe the estate a significant amount of money—funds that are worth approximately twenty-five percent of the value of the estate. Appellant wholly fails to appreciate the nature of her role as fiduciary to the estate. As the personal representative of the estate, Appellant has a fiduciary duty to collect the assets of the estate, including any debts. *In re Kurkowski's Estate*, 487 Pa. 295, 409 A.2d 357, 360–61 (1979) ("A decedent's personal representative is under a duty to take custody of the estate and administer it in such a way as to preserve and protect the property for distribution to the proper persons within a reasonable time."); *In re Wallis' Estate*, 421 Pa. 104, 218 A.2d 732, 736 (1966) ("primary duty" of estate's personal representative is "to marshall the assets and to liquidate and terminate as soon as possible"); 20 Pa.C.S. § 3311 ("A personal representative ... shall take possession of ... all the real and personal estate of the decedent ..."). Additionally, an executrix has a "duty to see that her purely private interests were not advanced at the expense of the estate." *In re Pitone's Estate*, 489 Pa. 60, 413 A.2d 1012, 1015 (1980).

Appellant is acting in derogation of her duty to garner the estate assets by failing to attempt to recoup for the estate the amounts transferred to her. Likewise, Appellant is engaging in an actual conflict of interest with the estate by claiming that the amounts transferred to her belong to her and are not estate assets. *Id.* (by taking position that funds in a bank account belonged to her since it was titled in her and decedent's name, executrix took a position that inured to her personal benefit and was contrary to interest of estate). As the personal representative, she has an obligation to take the opposite position. The checks plainly indicate that the amounts transferred were loans, and that language provides the estate with a foundation for maintaining that the $110,675 was loaned to Appellant and must be repaid. Appellant's insistence that she does not owe the estate the money demonstrates that she is presently acting in direct conflict to the interest of the estate, to which she owes a fiduciary duty.

*In re Rafferty's Estate*, 377 Pa. 304, 105 A.2d 147 (1954), provides guidance herein. In that matter, the administrator of an estate was removed after a controversy arose over the ownership of assets. "The heirs maintained that the administrator should collect the assets for the benefit of the estate while [the removed personal representative] contended that certain of them were his individual property." *Id.* at 148. The Supreme Court ruled that these facts justified the orphans' court's determination "that appellant's personal interest was in conflict with the interest of the decedent's estate" and that removal was proper since "appellant could not serve his own interest and that of the estate at the same time." *Id.*

Also instructive is the case of *In re Estate of Westin,* 874 A.2d 139 (Pa.Super.2005). Therein, the executor of the estate was an attorney, and one of his law firm's employees embezzled estate funds. The attorney was removed and, on appeal, we held that grounds for removal existed based solely on the fact that the estate had a potential lawsuit against the attorney's firm. We noted that a fiduciary can be removed "when the fiduciary's personal interest is in conflict with that of the estate, such that the two interests cannot be served simultaneously" and that "proof of a conflict of interest can be inferred from the circumstances." *Id.* at 143. We continued that if there is a conflict that is "apparent from the circumstances," removal is warranted even when there is no bad faith or fraudulent intent by the fiduciary. *Id.*

In applying this law to the facts in *Westin,* we made the following observations. There had been no attempt by the executor to recover the funds embezzled by his firm's employee, even though the estate had grounds to file a lawsuit. In litigating a claim to recover the embezzled money, the executor would have to represent the estate in a claim against himself and his firm. We concluded that a conflict of interest was "readily apparent from these circumstances." *Id.; see also In re Lux' Estate,* 480 Pa. 256, 389 A.2d 1053, 1061 (1978) (executrix was properly removed where she failed to take measures to recover money that had been taken from the decedent's residence and "demonstrated reluctance to include personal assets of the decedent such as jewelry in her inventory despite orders of the court to do"); *In re Hartman's Estate,* 49 Pa.Super. 203 (1911) (affirming removal of executrix after she refused to sue her husband when there was a *prima facie* showing that he received assets from the testatrix that belonged to the estate).

Similarly, herein, Appellant's personal interest is to avoid repayment of the money to the estate, and she is acting solely for her personal benefit in maintaining that the money belongs to her rather than the estate. *In re Pitone's Estate, supra* (executrix acted solely to advance her purely personal interest and not to benefit estate when she took position that money in a joint account with decedent belonged to her rather than the estate). Appellant has made no attempt, on behalf of the estate, to recover a significant amount of money transferred to her. The notation on each check indicated that a loan was intended when the checks were written, and that language provides a basis for the estate to take the position that the amounts in question were loans and should be repaid. To properly discharge her fiduciary duty, Appellant, as executrix, would have to bring an action against herself personally and assert that the amounts in question are estate funds. The fact that she has instead insisted that the money is not an estate asset and belongs to her establishes a clear and direct conflict of interest. *Westin, supra.* While Appellant may have good faith and reasonable basis to assert that the funds do not have to be repaid, this fact fails to obviate her direct and substantial conflict.

Appellant's refusal to institute proceedings to establish the estate's entitlement to $110,675 is in derogation of her duty as fiduciary. Thus, the court correctly removed her as executrix without first determining whether the money was a gift, a loan, or an advance that did not have to be repaid.

Appellant's final position is that Ms. Crago should have been named as the executrix upon Appellant's removal. The orphans' court clearly explained its decision to bypass Ms. Crago. Ms. Crago was aligned with Appellant and was promoting

Appellant's position that the $110,675 does not have to be repaid to the estate. The court set forth its rationale in this respect:

> During the two-day Hearing, the Court heard evidence and testimony concerning the interpersonal relationships between the beneficiaries and Appellant. The Hearing evidenced the hostility between the parties, whereby it is apparent that two daughters (Appellant and Ms. Crago) have sided against the remaining two daughters (Appellees). Although Decedent's Will names Ms. Crago as the first succeeding executor, the Court finds that because she has aligned herself with Appellant, naming her as executrix would only return to the Estate to its current stalemate. The evidence and testimony support the indication that Ms. Crago would also fail to proceed against Appellant the determination and collection of any alleged outstanding debt. Therefore, the Court finds that a further hearing on Ms. Crago's conflict of interest is not necessary.

> Based on evidence presented at the hearing on the Petition, the Court finds that granting the Decedent's first successor executor letters of testamentary is not in best interests of the Estate. Decedent's second named successor executor is Appellee Linda M. McGarry. The Court finds that the appointment of Ms. McGarry is, in fact, effectuating the intentions of the Decedent. Appellant and Ms. Crago are unable to serve as an executrix due to a conflict of interest with the Estate, the administration of the Estate passes to Ms. McGarry, the next successor executor. Evidence presented at the hearing shows that Ms. McGarry's interest is analogous to that of the Estate. If Ms. Crago were to be appointed, she, as has Appellant, would not seek to include the money transferred to Appellant as assets of the estate and would also act contrary to the best interests of the estate. Essentially, the estate would be in the exact same position as it was when Appellant was executrix.

Trial Court Opinion, 7/31/13, at 8.

In light of this situation, the orphans' court's decision to appoint Ms. McGarry rather than Ms. Crago as the successor executrix cannot be characterized as an abuse of direction. Given the court's factual finding regarding the connection between Appellant and Ms. Crago,[4] it is evident that Ms. Crago, as did Appellant, will not seek to include the money transferred to Appellant as assets of the estate and would also act contrary to the estate's interests. Essentially, the estate would be in the exact same position as it was when Appellant was executrix, and the appointment of Ms. Crago would be an exercise in futility. She would not act in the estate's best interests by litigating a claim against her sister and would be subject to removal for neglecting her duty to collect an estate debt, as were the personal representatives in *Rafferty's Estate, Estate of Westin,* and *Harman's Estate.*

■ However, we do agree with Appellant's position that Ms. McBride was improperly named as a co-administratrix. The will provides that Ms. McGarry alone shall be named as sole executrix should Ms. Crago become unable to serve as such. There is no provision in the will for the appointment of Ms. McBride as executrix. The orphans' court reasoned that it had the authority to appoint Ms. McBride as a co-administratrix with Ms. McGarry based upon application of the following emphasized language of 20 Pa.C.S. § 3183, which

---

4. We observe that Appellant does not challenge the validity of the orphans' court factual finding that Ms. Crago has supported Appellant's position regarding the status of the funds transferred to Appellant.

outlines the procedure for and effect of removal of a personal representative:

The court on its own motion may, and on the petition of any party in interest alleging adequate grounds for removal shall, order the personal representative to appear and show cause why he should not be removed, or, when necessary to protect the rights of creditors or parties in interest, may summarily remove him. **Upon removal, the court may direct the grant of new letters testamentary *or* of administration by the register to the person entitled** and may, by summary attachment of the person or other appropriate orders, provide for the security and delivery of the assets of the estate, together with all books, accounts and papers relating thereto. Any personal representative summarily removed under the provisions of this section may apply, by petition, to have the decree of removal vacated and to be reinstated, and, if the court shall vacate the decree of removal and reinstate him, it shall thereupon make any orders which may be appropriate to accomplish the reinstatement.

■■ Focusing on the connector "or," the court believed that it could either order the grant of new letters testamentary or of administration. We conclude that the orphans' court erred in this regard. It is fundamental estate law that letters testamentary are issued when the decedent leaves a will while letters of administration are issued when the decedent dies intestate. An executor(rix) is the person named in the will to act as personal representative while an administrator(rix) is the personal representative when the decedent died intestate. Section 3183 pertains to the removal of a personal representative in general and, accordingly, to the removal of either an executor(trix) or administrator(rix). Thus, the language in that section necessarily provides that, upon removal, the court is authorized to direct the grant of letters testamentary or of administration, as the case may be.

This verbiage, however, does not provide authority for the orphans' court to disregard the strictures regarding who is entitled to serve as the personal representative of an estate. Under section 3155 of the Probate, Estates, and Fiduciaries Code, the following persons are delineated as eligible to be granted letters:

(a) **Letters testamentary.**—Letters testamentary shall be granted by the register to the executor designated in the will, whether or not he has declined a trust under the will.

(b) **Letters of administration.**—Letters of administration shall be granted by the register, in such form as the case shall require, to one or more of those hereinafter mentioned and, except for good cause, in the following order:

(1) Those entitled to the residuary estate under the will.

(2) The surviving spouse.

(3) Those entitled under the intestate law as the register, in his discretion, shall judge will best administer the estate, giving preference, however, according to the sizes of the shares of those in this class.

(4) The principal creditors of the decedent at the time of his death.

(5) Other fit persons.

20 Pa.C.S. § 3155.

Since Ms. Andrews died testate, letters testamentary must issue. Thus, the people who can serve as personal representatives are limited to those who are designated in the will. Ms. McBride is not one of those people. The will states that if Ms. Crago cannot serve, Ms. McGarry must be appointed as sole executrix in Ms. Crago's stead.

In conclusion, we affirm in part and vacate in part the order of April 4, 2013.

We affirm the grant of the Petition for Removal of Personal Representative. We affirm the removal of Marlene E. English as the executrix of the Estate of Dolores Jean Andrews a/k/a Delores J. Andrews a/k/a Jean Andrews. We affirm the appointment of Linda M. McGarry as personal representative. We vacate the portion of the order that found that Linda Mc. McGarry and Mary L. McBride should serve as the co-administratrixes of the estate. We also vacate the portion of the order that directed the Register of Wills of Clearfield County to grant letters of administration to Ms. McGarry and Ms. McBride as co-administratrixes upon presentation of the appropriate paperwork. We order the Register of Wills of Clearfield County to grant letters testamentary to Ms. McGarry upon presentation of the correct paperwork.

Order affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.