J-A25001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF ANGELO DIMATTEO | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: CASIMIRO DIMATTEO | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 304 WDA 2021 |

Appeal from the Order Entered February 19, 2021,
in the Court of Common Pleas of Allegheny County,
Orphans' Court at No(s): 02-18-06412.

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED:  January 19, 2022**

Casimiro DiMatteo appeals from the order removing him as executor of his mother's estate and appointing an individual other than his wife, Silvia DiMatteo, successor executrix as provided for in his mother's will.   Upon review, we affirm.

On September 25, 2013, Angela D'Aquilante DiMatteo signed a last will and testament which provided:

> I give all the rest and residue of my estate, wherever located (hereafter referred to in this Article as "residue"), to my descendants if they survive me per stirpes.  If I am not survived by any of my descendants, I give the entire residue to my heirs.

In Article I of the Will, Ms. DiMatteo stated that she was unmarried and that, "[i]n making this Will, I have in mind my children, Amato DiMatteo, born 1949,

---

[*] Retired Senior Judge assigned to the Superior Court.

Casimiro DiMatteo, born 1951, Annina Radakovich DiMatteo, born 1955, and Filomena DiMatteo, born 1960, together with any children hereafter born to or adopted by me". In particular, Article II stated that Casimiro DiMatteo was to serve as the executor of the Estate and that, should he "be or become unable or unwilling to serve", then his wife, Silvia Collucio DiMatteo, should serve in Casimiro's stead.

On October 5, 2018, Ms. DiMatteo died. Subsequently, on October 18, 2018, letters testamentary were issued to Casimiro. At that time, he was represented by counsel, but in August 2019 counsel withdrew due to professional considerations.

A year later, on December 12, 2019, Annina, one of the heirs, filed a petition to compel Casimiro to file an accounting of the Estate. Therein, she claimed that, except for a tax appraisement, which accepted the inheritance tax return as filed, no other action had been taken to complete the administration of the Estate. On February 21, 2020, Casimiro obtained new counsel and filed a response to the petition to compel.

Almost a year later, during a conference with the orphans' court, the parties reached a consent order, dated January 20, 2021, and recorded January 25, 2021. In relevant part, it required that Bodnar Real Estate perform an appraisal of the real estate at 412 Pearl Street, Pittsburgh, Pennsylvania ("Pearl Street property") within 30 days. Additionally, Casimiro was to file state and federal fiduciary tax returns within 30 days after he received the last 1099 for estate income, receipt of which was to be provided

to all counsel. Casimiro was then to file a formal first and final account within 30 days after the tax returns were filed.

On February 12, 2021, before Casimiro's time to comply with that order, Annina filed an emergency petition to remove Casimiro as executor. Annina claimed that Casimiro failed to adhere to the terms of the consent order, filed a $180,000 claim with the estate for caretaking services, transferred the Pearl Street property from the Estate to his wife and children for one dollar, and filed a claim for an executor's fee. Additionally, as a result of Casimiro's actions and failure to adhere to legal advice, his counsel sought permission to withdraw. Casimiro filed a *pro se* response to Annina's petition.

On February 19, 2021, the orphans' court granted counsel's request. Following a hearing on Annina's emergency petition, the court also revoked the letters testamentary issued to Casimiro and directed that Warner Mariani, Esquire, be appointed administrator of the Estate of Angela DiMatteo upon proper application to the Wills Division of the Allegheny County Department of Court Records. Notably, the orphans' court bypassed the substitute executrix named in Ms. DiMatteo's Will, Casimiro's wife Sylvia, because of her participation in transferring property from the estate to herself and children.

Casimiro filed this timely appeal.

Casimiro raises the following three issues for our review:

I. Whether Casimiro DiMatteo filed an untimely statement of matters complained of on appeal when it was mailed via certified mail 21 days after the order was filed by the orphans' court when the orphans' court failed to state the location to file the order as required by Rule 1925?

- 3 -

> II. Whether the orphans' court committed an error of law or an abuse of discretion when it removed Casimiro DiMatteo as executor of the estate when the court stated he was in violation of the January 25, 2021, consent order when the expiration of the order had not expired yet?
>
> III. Whether the orphans' court committed an error of law or abused its discretion when it appointed an administrator [] of the Estate of Angela DiMatteo [forgoing] the successor executrix contrary to the decedent's desire in her will; when the successor executrix wasn't afforded the opportunity to have a removal hearing, there wasn't a petition to remove her and she never had the opportunity to serve as executrix?

**See** Casimiro's Brief at 4 (excess capitalization omitted).[1]

Preliminarily, we note that the orphans' court claims that Casimiro's issues are waived because he failed to timely file his Rule 1925(b) statement. Trial Court Opinion, 5/24/21, at 3-4. Casimiro addresses this in his first issue and argues that the orphans' court is incorrect. According to Casimiro, although his statement was not filed until May 6, 2021, he timely mailed the concise statement by certified mail 21 days after entry of the court's order, and therefore, his issues are not waived. Casimiro's Brief at 34-35.

Generally, failure to timely file a 1925(b) statement results in waiver of issues on appeal. **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). However, we have held that strict compliance with this rule requires strict compliance with the notice rules. In particular, the prothonotary is required to give written notice of the entry of an order to each party and note that on the docket. Pa.R.C.P. 236. Here, upon review of the record, we observe that

---

[1] We have reordered these issues for ease of disposition.

- 4 -

the court docket lacks a Rule 236 notice regarding the March 23, 2021, order. In such circumstances, we have refused to find waiver, and do so here as well. *See In re L.M.*, 923 A.2d 505, 510 (Pa. Super. 2007).

However, we further observe that the certified record in this case does not include the transcript from the hearing on the emergency motion to remove Casimiro as executor. Although Casimiro provided a copy of the transcript in his reproduced record, the Superior Court may not consider it. *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (citing *Commonwealth v. Walker*, 878 A.2d 887, 888 (Pa. Super. 2005)). Consequently, Casimiro's issues are waived for this reason, and we are precluded from considering them. Notwithstanding this, as explained below, even if we were to consider Casimiro's issues, we would affirm the orphans' court's order.

In his second issue, Casimiro claims that the trial court abused its discretion in removing him as executor of the estate when the time for complying with the court's order had not yet passed. Specifically, he argues that he had the appraisal done on February 8, 2021, prior to the court's deadline, and still had time to file the tax returns and comply with the court's order. Casimiro's Brief at 22-23. Additionally, he claims that there was nothing in the record to demonstrate that Casimiro set upon a course of conduct that would grossly mismanage the estate. *Id.* at 23.

The fitness of a personal representative to serve is a matter within the exclusive jurisdiction of the orphans' court. 20 Pa. C.S.A. 711(12). The

- 5 -

pertinent standard of review in such matters is as follows: "The removal of an [executor] is a matter vested in the sound discretion of the trial court, and thus we will disturb such a determination only upon a finding of an abuse of that discretion." *In re Estate of Mumma*, 41 A.3d 41, 49 (Pa. Super. 2012). The orphans' court may remove a personal representative when he "is wasting or mismanaging the estate, is or is likely to become insolvent, or has failed to perform any duty imposed by law" as well as "when, for any other reason, the interests of the estate are likely to be jeopardized by his continuance in office." 20 Pa.C.S.A. § 3182(1) and (5).

Here, the orphans' court concluded that Casimiro failed to comply with its order and "had set upon a course of conduct that would grossly mismanage the estate in a manner if not calculated to, then, certainly likely to result in the immediate, substantial and enduring harm of other heirs." Trial Court Opinion, 5/24/21, at 3.

Shortly after issuance of the consent order, Casimiro sent a family settlement agreement to the other beneficiaries proposing to distribute the remaining Estate assets, apparently to resolve it informally. He filed a status report indicating that the administration of the Estate was complete. He did this despite being directed by the orphans' court to obtain an appraisal of the Pearl Street property and to file a formal account.

Additionally, Casimiro created a substantial conflict of interest with his fiduciary duties as executor of the Estate, when he claimed the Estate owed him $180,000 for taking care of his mother prior to her death. An executor

has a "duty to see that her purely private interests were not advanced at the expense of the estate." *In re Pitone's Estate*, 413 A.2d 1012, 1015 Pa. 1980). Where an executor's personal interest conflicts with the interest of the estate, removal is proper. *See In re Estate of Andrews*, 92 A.3d 1226, 1230 (Pa. Super. 2014).

Furthermore, Casimiro engaged in self-dealing by paying his caretaking claim out of the Estate and transferring the Pearl Street property to his wife and children. We would therefore conclude that the trial court did not abuse its discretion in removing Casimiro as executor of the Estate.

In his third issue, Casimiro claims the orphans' court abused its discretion when it appointed Warner Mariani, Esquire, as administrator of the Estate. Instead of his wife, who Ms. DiMatteo designated as successor executrix in her Will. Casimiro's Brief at 27.

In support of its decision, the orphans' court explained that Silvia clearly was aligned with her husband by advancing his position that he was entitled to payment for caretaker services and accepting the transfer of the property. "Casimiro had conveyed a valuable parcel of real estate from the estate to his wife and children for the nominal consideration [of] one dollar. Silvia's participation in that conveyance severely compromised her fitness to serve as a successor executrix." Orphan's Court Opinion, 5/24/21, at 3.

Generally, we observe that:

The court on its own motion may, and on the petition of any party in interest alleging adequate grounds for removal shall, order the personal representative to appear and show cause why he should

not be removed, or, when necessary to protect the rights of creditors or parties in interest, may summarily remove him. **Upon removal, the court may direct the grant of new letters testamentary or of administration by the register to the person entitled** [to serve as a personal representative] . . . .

20 Pa.C.S.A. § 3183; ***In re Est. of Andrews***, 92 A.3d at 1233–34. In ***Andrews***, the executrix of an estate claimed that certain moneys, which would have been estate assets, were gifts to her rather than loans. The successor executrix named in the will testified in support of that position, contrary to the interests of the estate. Consequently, the orphans' court refused to appoint the named successor executrix as representative of the estate upon removal of the existing executrix. On appeal, we concluded that the orphans' court did not abuse its discretion given the continued conflict of interest of the named successor executrix. ***Id.*** at 1233.

Here, Silvia's alignment with Casimiro was comparable to that of the successor executrix in ***Andrews***. Further, Ms. DiMatteo did not identify another individual to serve as personal representative of her estate after Silvia, and thus the list of successor executors was exhausted. As such, the orphans' court was authorized to direct the appointment of a new representative. The other beneficiaries recommended the appointment of Attorney Mariani to serve in this role upon Silvia's removal.

We further observe that, while the court addressed the successor representative in its order, it did not directly appoint Attorney Mariani, contrary to Casimiro's claim. Instead, the orphans' court required the beneficiaries file a proper application with the Wills Division. According to the

record, the Director of Wills Division issued a citation on April 14, 2021, upon Silvia to show cause why she should not be disqualified as executrix of the Estate and Attorney Mariani appointed administrator upon petition. This citation has not been made absolute yet. Because the process of removing Silvia and appointing a new administrator was not finalized by the orphans' court, we would conclude that Casimiro's third issue is premature and would dismiss it as such.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2022