J-A18004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF ROBERT V. LORENT, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: MARGARET A. LORENT | : : : : : : : : | |
| | : | No. 2630 EDA 2024 |

Appeal from the Order Entered September 4, 2024
In the Court of Common Pleas of Lehigh County Orphans' Court at No(s):
2020-OC-1116

BEFORE:  OLSON, J., DUBOW, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 11, 2025**

Appellant, Margaret A. Lorent, appeals from the order entered on September 4, 2024, removing her as administratrix of the Estate of Robert V. Lorent and ordering her to file a formal final accounting for the estate.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  Robert V. Lorent died intestate on July 11, 2020 and, his siblings, Appellant and Walter F. Lorent were their brother's sole heirs.  *See* Trial Court Opinion, 11/22/2024, at 1 n.1.  Walter F. Lorent served as administrator of the estate from August 28, 2020, until his own death on August 17, 2022.  *Id.* On August 24, 2022, Appellant was appointed to fill the vacancy created by Walter's death.  *Id.* at 2.  At the time of Appellant's appointment, inheritance taxes and decedent's debts had been paid and estate administration was substantially complete; only distribution remained outstanding.  *Id.*  Appellant

filed status reports with the Register of Wills on November 23, 2022, and October 23, 2023, but did not provide anticipated dates of completion or identify potential problems affecting distribution. *Id.* at 2-3. On April 23, 2024, Chanin Deegan, executor of the estate of Walter F. Lorent, filed a petition to remove Appellant as administratrix of Robert V. Lorent's estate and asked the court to compel submission of a final accounting. *Id.* at 1 and 3. On May 8, 2024, the trial court entered a preliminary order, issuing "a [c]itation to show cause why Appellant should not be removed as estate administrator [and directing] that a status conference would be scheduled if Appellant [] timely file[d] an [a]nswer or other responsive pleading[.]" *Id.* at 3. In addition, the May 8, 2024 order directed Appellant to file a formal account of her administration of Robert V. Lorent's estate on or before July 26, 2024 for inclusion on the trial court's September 2024 audit list. *Id.* at 3 n.7. Appellant, acting *pro se*, failed to answer the petition in a timely manner and did not properly request an extension. *Id.* at 3.

The trial court held a removal hearing on July 19, 2024 wherein Appellant was present and represented by counsel. *Id.* at 4 n.8. Counsel for Appellant requested a continuance which the trial court denied "[g]iven Appellant's request was made at the eleventh hour, [was] opposed[,] and that Appellant's attorney had more than a month to prepare for a hearing that was not overly complex[.]" *Id.* The trial court, however, permitted Appellant to testify at the July 19, 2024 hearing. *Id.* at 4. On September 4, 2024, the trial court entered an order removing Appellant as administratrix of the subject

estate and directing her to file a final, formal accounting. This timely appeal resulted.[1]

On appeal, Appellant presents the following issue for our review:

A. Was it manifestly unreasonable, an abuse of discretion or did the court act in an arbitrary or capricious manner in removing Appellant and permitting [Chanin Deegan] to act as administrator [*sic*], and ultimately, allow her to appoint an administrator without notice to [Appellant, as] the beneficiary[?]

Appellant's Brief at 6-7 (complete capitalization omitted).

Generally, Appellant argues that the trial court erred as a matter of law or abused its discretion by removing her as administratrix of the subject estate. *Id.* at 23-49. More specifically, Appellant avers that the lower court erred by: (1) denying counsel's request for a continuance; (2) not considering correspondence between Appellant and her counsel which would have showed Appellant was effectively carrying out her fiduciary duties; (3) denying Appellant the opportunity to file a proper counseled response to the removal petition after she improperly filed a *pro se* response; (4) refusing to hear testimony under oath from the proposed successor, Chanin Deegan; and, (5) failing to properly weigh the testimony of Taryn Lorent regarding Appellant's handling of the estate administration. *Id.* at 26-45. Finally, Appellant argues that the trial court abused its discretion because Chanin Deegan "cannot act

_____

[1] Appellant filed a timely notice of appeal on September 4, 2024. On October 24, 2024, Appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On November 22, 2024, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

as administrator [*sic*] to the estate as there is a conflict of interest."[2]  ***Id.*** at 23 and 47-49.

We adhere to the following standards. "The removal of [a personal representative] is a matter vested in the sound discretion of the trial court, and thus we will disturb such a determination only upon a finding of an abuse of that discretion."  ***In re Estate of Mumma***, 41 A.3d 41, 49 (Pa. Super. 2012).  The grounds for removal of a personal representative are set forth in 20 Pa.C.S.A. § 3182, which permits the trial court to replace a personal representative when he or she "is wasting or mismanaging the estate, is or is likely to become insolvent, or has failed to perform any duty imposed by law," as well as "when, for any other reason, the interests of the estate are likely to be jeopardized by his [or her] continuance in office." 20 Pa.C.S.A. § 3182(1)(5).  A personal representative of an estate owes a fiduciary duty to collect the assets of the estate and distribute them according to the law and the testator's intent.  ***In re Kurkowski's Estate***, 409 A.2d 357, 360–361 (Pa. 1979) ("A decedent's personal representative is under a duty to take custody of the estate and administer it in such a way as to preserve and protect the property for distribution to the proper persons within a reasonable time."); ***In re Wallis' Estate***, 218 A.2d 732, 736 (Pa. 1966) ("primary duty"

_____

[2]  The alleged "conflict" arises from Chanin Deegan's role as executrix of Walter's estate, administratrix of Robert's estate, and beneficiary of both estates.  Appellant also claims that Chanin Deegan served as the *de facto* administratrix of Robert's estate when her father (Walter) was the designated administrator.  ***See*** Appellant's Brief at 48.

of estate's personal representative is "to marshall the assets and to liquidate and terminate [them] as soon as possible"); 20 Pa.C.S.A. § 3311 ("A personal representative ... shall take possession of ... all the real and personal estate of the decedent ..."). Additionally, a personal representative has a "duty to see that her purely private interests were not advanced at the expense of the estate." *In re Pitone's Estate*, 413 A.2d 1012, 1015 (Pa. 1980).

Regarding removal, Section 3183 provides, in pertinent part:

The court on its own motion may, and on the petition of any party in interest alleging adequate grounds for removal shall, order the personal representative to appear and show cause why [s]he should not be removed, or, when necessary to protect the rights of creditors or parties in interest, may summarily remove [her]. Upon removal, the court may direct the grant of new letters testamentary or of administration by the register to the person entitled and may, by summary attachment of the person or other appropriate orders, provide for the security and delivery of the assets of the estate, together with all books, accounts and papers relating thereto.

20 Pa.C.S.A. § 3183.

In applying Section 3183, this Court has previously determined:

It is fundamental estate law that letters testamentary are issued when the decedent leaves a will while letters of administration are issued when the decedent dies intestate. An executor(rix) is the person named in the will to act as personal representative while an administrator(rix) is the personal representative when the decedent died intestate. Section 3183 pertains to the removal of a personal representative in general and, accordingly, to the removal of either an executor(trix) or administrator(rix). Thus, the language in that section necessarily provides that, upon removal, the court is authorized to direct the grant of letters testamentary or of administration, as the case may be.

- 5 -

*In Re: Est. of Andrews*, 92 A.3d 1226, 1234 (Pa. Super. 2014) (citation omitted).

Finally, we recognize:

The findings of a judge of the orphans' court division, sitting without a jury, must be accorded the same weight and effect as the verdict of a jury, and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support. This rule is particularly applicable to findings of fact which are predicated upon the credibility of the witnesses, whom the judge has had the opportunity to hear and observe, and upon the weight given to their testimony.

In reviewing the orphans' court's findings, our task is to ensure that the record is free from legal error and to determine if the orphans' court's findings are supported by competent and adequate evidence and are not predicated upon capricious disbelief of competent and credible evidence.

*Estate of A.J.M.*, 308 A.3d 844, 852 (Pa. Super. 2024) (citation omitted).

Here, the trial court determined that Appellant's removal as the administratrix of Robert V. Lorent's estate was warranted "pursuant to 20 Pa.C.S.A. § 3182 because of her failure to move the estate administration forward." Trial Court Opinion, 11/22/2024, at 5. The trial court opined that in the almost two years she acted as administratrix, Appellant "ha[d] not concluded this estate administration, which had been substantially completed [(including payment of inheritance taxes and the decedent's debts), leaving only] issues regarding distribution" and that Appellant "took no discernible affirmative action to conclude the estate administration by seeking resolution of her allegations of improper conduct by her predecessor." *Id.* at 3.

Moreover, the trial court

found Appellant's testimony to be irrelevant, inadmissible, self-serving, [and unpersuasive.] It consisted of her complaints about her former counsel's alleged shortcomings, and her unsupported allegations that the predecessor fiduciary, her now deceased brother, Walter F. Lorent, acted improperly to her detriment. Her testimony did not, however, explain why: she debated her lawyer's advice and counsel yet opposed his withdrawal; she criticized others for failing to provide information/records to her, rather than recognizing and taking other available steps to obtain the information and records she sought, and/or hire replacement counsel to assist her. Appellant's alleged errors concerning the weight of the evidence or alleged bias [] are unavailing.

*Id.* at 4-5. The trial court also noted that Appellant's counsel failed to call Chanin Deegan as a witness at the July 19, 2024 hearing. *Id.* at 5 n.9.

Ultimately, the trial court determined Appellant's removal was warranted but concluded:

The basis for the court's ruling in no way diminishes Appellant's beneficial interest in this estate and her standing as an intestate heir o[f] Robert V. Lorent, and permits the appointment of a qualified successor who is accountable to the court and both beneficiaries.

Appellant, individually, remains entitled to receive fair notice of all actions undertaken by her successor, including any proposed distributions, and retains the ability [to] object to her successor's actions, including any perceived conflict of interest, or the failure to investigate and/or rectify the actions of her predecessor, Walter F. Lorent, which she alleges to be improper. Appellant's concern regarding an alleged conflict of interest of [Chanin Deegan] to serve as estate administrator [*sic*] is not a matter for appellate review at this time as [Chanin Deegan] has not been appointed as estate administrator [*sic*] by the [trial] court.

*Id.* at 5-6 (one footnote omitted; one footnote incorporated).

Based upon our standard of review, applicable law, and an examination of the certified record, we discern no error of law or abuse of discretion in ordering Appellant's removal as administratrix of the subject estate and directing the filing of a final accounting. Section 3183 permits the trial court to order a personal representative to appear and show cause why she should not be removed. Appellant appeared and testified before the trial court. The trial court determined that Appellant, as personal representative of the estate, owed a fiduciary duty to marshal the assets of the estate, distribute them diligently according to the law and the testator's intent within a reasonable time, and to terminate the estate as soon as possible, but she ultimately failed to do so. Moreover, Appellant had a duty to see that her purely private interests were not advanced at the expense of the estate. On appeal, however, Appellant does not challenge the trial court's conclusion she took no action to conclude the administration of the estate. Likewise, Appellant does not challenge the trial court's determination that Appellant failed to resolve her claim alleging that the prior administrator engaged in improprieties that affected her private interests as beneficiary to the estate. The trial court's finding that Appellant's removal was warranted under Section 3183 is supported by competent and adequate evidence and not predicated upon capricious disbelief of credible evidence. As such, we conclude that the trial court did not err or abused its discretion in ordering Appellant's removal.

Finally, upon review, we note that the trial court did not appoint a successor administrator. *See* Trial Court Opinion, 11/22/2024, at 5-6 n.11

("Appellant's alleged error concerning the alleged conflict of interest of [Chanin Deegan] to serve as estate administrator is not a matter for appellate review at this time as [Chanin Deegan] had not been appointed as estate administrator [*sic*] by the lower court."). Instead, it ordered Chanin Deegan, as the party who petitioned for Appellant's removal, to "file a petition for Letters of Administration" to replace Appellant and to serve "a short certificate and contact information for the duly appointed successor administrator" upon Appellant and her counsel, and "that, within 30 days of service of a short certificate upon her, [Appellant] shall deliver and turn over to the duly appointed successor [a]dministrator [] all estate assets, records, papers and things as are in her custody or control."[3] Order of Court, 9/5/2024, at *1-2 (unpaginated). Upon removal of an administratrix, Section 3183 authorizes the trial court to direct the grant of letters testamentary or of administration and to direct the delivery of the assets of the estate, together with all books, accounts and papers relating thereto to a future successor administrator. Accordingly, for this additional reason, Appellant is not entitled to relief.

Order affirmed.

_____

[3] Appellant has not explained how merely considering a proposed successor undermined the trial court's determination that she was not performing her duties as administratrix which required her removal.

- 9 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/11/2025