J-A29030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE:  ESTATE OF ELIZABETH A. MCCORD, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF:  JULIE MOUNTS | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1488 WDA 2024 |

Appeal from the Order Entered October 28, 2024
In the Court of Common Pleas of Washington County Orphans' Court at
No(s):  63-2020-0409

BEFORE:  OLSON, J., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                **FILED: March 31, 2026**

Appellant, Julie Mounts, appeals from the October 28, 2024 order overruling her objections to the accounting filed on behalf of the Estate of Elizabeth A. McCord.  We affirm.

The trial court summarized the relevant factual and procedural history of this case as follows.

> The [D]ecedent, Elizabeth A. McCord, passed away on March 22, 2020, survived by two adult daughters, Mary and Rachel McCord, as well as one adult son, Sean McCord.  []  Sean McCord is an incapacitated person and [A]ppellant [serves as] the plenary guardian of his person and estate.
>
> Following the renunciations of Mary and Rachel McCord[,] and due to Sean McCord's incapacity, Letters of Administration were granted by the Register of Wills of Washington County to Cathy T. Cunningham ("Administratrix") on March 30, 2022.  The Administratrix filed a First and Final Account on February 7, 2024, accounting for the period of March 22, 2020 through January 25, 2024.

The First Account made note of several probate assets[,] including:

a. Approximately $33,403.10 in cash and personal property;

b. An undivided 1/9 interest in three parcels of real property used as a farm ("Farm Property");

c. An undivided 1/3 interest in a parcel of real property consisting of [one] acre ("[One] Acre Property");

d. An undivided 24.3% interest in approximately 220 acres of oil, gas, and other hyrdocarbons producing in paying quantities under an active oil and gas lease;

e. Income from royalties paid pursuant to Decedent's undivided 24.3% interest in the oil and gas lease in the amount of approximately $3,829.09 per month.

Along with the probate assets, the [First Account] noted that the Administratrix had been resolving debts accrued by the Estate to the IRS and hay suppliers which had been helping maintain the livestock still living on [D]ecedent's farm at the time of her death. The [First Account] also listed two [] vehicles, a 2013 Jeep Patriot and a 2014 Chevy Cruze, which had been repossessed. The account set the appraisals of Decedent's 1/9 interest in the Farm Property at $66,666.50, with the appraisal of the entire Farm Property Set at $600,000.00.

Objections to the [First] Account were filed by [A]ppellant, purportedly on behalf of [Mary, Rachel and Sean McCord (collectively, the "Beneficiaries")] on March 14, 2024. [Appellant filed the Objections in her capacity as guardian of the person and estate of Sean McCord and agent for Mary and Rachel McCord.] Appellant objected to, *inter alia*, the repossessions of the vehicles, the valuation of the properties, and the fees and expenses including the hay fees, attorneys' fees, and the administrator's fees. Following the filing of the [Administratrix'] Response to the Objections to [the First] Account and a review of the case [at a hearing], the orphans' court issued an order on April 8, 2024, denying and dismissing all of [A]ppellant's Objections.

Orphans' Court Opinion, 7/3/25, at 2-4 (footnotes omitted).

Importantly, in its April 8, 2024 order, the orphans' court made the following findings of fact:

- The [Administratrix] sold the Estate's undivided [1/9] right, title and interest in [the Farm Property] to Mounts Family Farm, LLC, a Pennsylvania limited liability company in which [Appellant] is a [Member];

- The [Administratrix] and her counsel have engaged in negotiations to sell the Estate's [un]divided [1/3] right, title and interest in . . . [the One Acre Property] to [Appellant];

- Absent an agreement to sell the Estate's right, title and interest in and to the [One] Acre Property to [Appellant], the [Administratrix] proposed [in a draft] decree attached to her Account ("Proposed Decree") that the [One Acre Property] be granted and conveyed to the Beneficiaries in-kind;

- The [Administratrix] granted and conveyed the Estate's right, title and interest in and to certain oil and gas situated in Washington County, Pennsylvania ("Oil and Gas") to Mary E. McCord, Rachel A. McCord and Mary E. McCord as Trustee of the Sean R. McCord Irrevocable Trust by Corrective Deed[;]

- Prior to the commencement of the hearing, counsel for [Appellant] gave counsel for [Administratrix] possession of a check written on the Estate's checking account and payable to Darrell Mounts (the Decedent's brother and [Appellant's] late husband, now deceased) in the amount of $36,606.70 for reimbursement of certain advancements, debts and administrative expenses of the Estate paid by Mr. Mounts ("Darrell Mounts' Check")[.]

Orphans' Court Order, 4/8/24 at 2-4 (capitalization and numbering altered).

Upon review of the foregoing, the orphans' court determined there was an

"actual, adverse and present conflict of interest" between Appellant and "her

- 3 -

purported role representing the Beneficiaries." *Id.* at 3. Thus, the orphans'

court dismissed Appellant's Objections to the First Account.

Thereafter,

> Appellant [appealed the orphans' court's April 8, 2024 order to this Court, but Appellant's appeal was subsequently quashed because] the April 8, 2024 order did not confirm the [First] Account or authorize distribution from the Estate[, rendering it an interlocutory order. *See* Pa.R.A.P. 342(a)(1) (authorizing appeal from orphans' court order confirming account or authorizing distribution from estate or trust)].

Orphans' Court Opinion, 7/3/25, at 2-4 (footnotes omitted). On remand, the

Administratrix filed a Second and Final Account. The Second and Final Account

incorporated the Estate's income and expenses since the filing of the First and

Final Account.

Ultimately, on October 28, 2024, the orphans' court entered the

following order:

> AND NOW, this 28th day of [October] 2024, upon consideration of the following regarding the Estate of Elizabeth A. McCord ("Estate"):
>
> - The First and Final Account and Petition for Adjudication ("Account"), filed by [the Administratrix];
>
> - The unverified objections to the Account ("Objections"), filed March 14, 2024, purportedly by . . . the Estate [Beneficiaries];
>
> - The hearing held before this Court on April 4, 2024, which was attended by (i) Attorney Thomas Vreeland for the [Administratrix], (ii) Attorney Steven Taczak for [Appellant], (iii) [Appellant], and (iv) the Beneficiaries;
>
> - [The orphans' court's] memorandum order dated April 8, 2024, ("Memorandum Order") which:

- 4 -

- o Overruled the Objections;

- o Ordered that the Estate shall remain open for a period of [90] days for the [Administratrix] and [Appellant] to take certain actions provided for in the Memorandum Order; and

- o Further ordered that: "[T]hereafter, counsel for the [Administratrix], with notice to counsel for [Appellant], will prepare and present to the [orphans' court] a new Proposed Order regarding the Account taking into consideration any additional administrative expenses that have been incurred by the Estate since the filing of the [First] Account and addressing whether the Estate's right to title and interest in the [One] Acre Property was sold to [Appellant] or remains to be granted and conveyed to the Beneficiaries in-kind."

- o The notice of appeal of the Memorandum Order filed by [Appellant] ("Appeal") regarding which the Pennsylvania Superior Court quashed the Appeal because the Memorandum Order did not confirm the [First] Account or authorize distribution from the Estate:

- o The Second and Final Account ("Second Account") filed by the Administrator which the Court notes takes: "into consideration any additional administrative expenses that have been incurred by the Estate since the filing of the [First] Account and addresses whether the Estate's right, title and interest in and to the [One] Acre Property was sold to [Appellant] or remains to be granted and conveyed to the Beneficiaries in-kind[] pursuant to the Memorandum Order":

- o The Proposed Decree and Schedule of Distribution filed by the [Administratrix];

- o Recommendation of the Audit Attorney upon his review of the Second Account.

- 5 -

The balance for distribution in the hands of the [Administratrix] is determined to be $45,856.15, and the [First] Account and Second Account are accordingly confirmed[. It is] ordered, adjudged, and decreed that the said balance be paid out by the [Administratrix], in accordance with the schedule of distribution hereto attached and made a part hereof, unless exceptions hereto, be filed or an appeal taken here from.

Trial Court Order, 10/28/24, at *1-*2 (unpaginated) (paragraph break inserted) (capitalization altered). This timely appeal followed.[1]

On appeal, Appellant raises the following issue for our consideration:

[Whether the orphans' court erred in dismissing Appellant's objections based upon a purported conflict of interest between Appellant and the Beneficiaries of the Estate?]

*See generally* Appellant's Brief at 2.

This Court previously stated:

Our standard of review of the findings of an orphans' court is deferential.

When reviewing a decree entered by the [o]rphans' [c]ourt, this Court must determine whether the record is free from legal error and [whether] the court's factual findings are supported by the evidence. Because the [o]rphans' [c]ourt sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.

_____

[1] Appellant's current claim relates to the trial court's decision to overrule Appellant's objections to the First and Final Account. Appellant did not file objections to the Second and Final Account. As stated above, the Second and Final Account differs from the First and Final Account only to the extent that it incorporated the Estate's income and expenses since the filing of the First and Final Account. We therefore hold that, because Appellant raised her claim on appeal before the trial court, and because the orphans' court's October 28, 2024 order confirmed the First and Second Account and ordered distribution, Appellant preserved her claim of error for our review.

- 6 -

However, "we are not constrained to give the same deference to any resulting legal conclusions." "[W]here the rules of law on which the [court] relied are palpably wrong or clearly inapplicable, we will reverse the [court's] decree."

*In re Est. of Walter*, 191 A.3d 873, 878–879 (Pa. Super. 2018) (internal citations omitted) (formatting altered).

On appeal, Appellant's claim of error on appeal lies with the orphans' court's dismissal of her objections based on, *inter alia*, its finding that a conflict of interest existed that prevented her from raising objections on behalf of the Beneficiaries. Appellant contends that further evidence and testimony was required and, as such, the orphans' court erred in summarily dismissing her objections.

The orphans' court herein determined that "Appellant's conflict of interest is clear from the facts of this case." Orphans' Court Opinion, 7/3/25, at 5. The orphans' court noted that Appellant is the widow of Decedent's brother, Darrell Mounts and, as such, Sean, Mary and Rachel McCord's aunt. The orphans' court further noted that Appellant serves as Sean McCord's guardian and that Appellant also purportedly serves as agent for Mary and Rachel McCord. In this capacity, Appellant filed objections to the accounting, including the following:

- The wood burner is farm property not personal property of the [D]ecedent.

- Petitioners object to the value [given to] the [Farm Property]. The property recently appraised for $955,000[.00]. Petitioners request a copy of the appraisal.

- Petitioners object to the value given to the [One Acre Property]. Petitioners request a copy of the appraisal.

- The payment of the [real estate taxes for the Farm Property] should be reimbursed to the payor.

Appellant's Objections, 3/14/24, at ¶¶ 3, 4, 7 and 13. The orphans' court, however, recognized that Appellant purchased the Estate's interest in the "Farm Property through Mounts Family Farm, LLC, a limited liability company of which she is the principal owner" and, at that time, was negotiating to purchase the Estate's interest in the One Acre Property. Orphans' Court Opinion, 7/3/25, at 5. Because the orphans' court determined that, at bottom, Appellant's objections served as nothing more than personal claims that, *inter alia*, sought to "alter the values [of the properties] provided in the [a]ccount to her benefit [as the purchaser]," a "clear and obvious" conflict of interest existed that warranted dismissal. *Id.* at 6-7. We agree.

In general, "an agent that has accepted appointment" must "[a]ct in accordance with the principal's reasonable expectations to the extent actually known by the agent and, otherwise, in the principal's best interest." 20 Pa.C.S.A. § 5601.3(a)(1). Similarly, an agent must:

(1) Act loyally for the principal's benefit.

***

(2) Act so as not to create a conflict of interest that impairs the agent's ability to act impartially in the principal's best interest.

*Id.* at (b)(1) and (b)(2).

- 8 -

Importantly, an agent who acts solely for personal benefit has a conflict of interest. *In re Est. of Andrews*, 92 A.3d 1226, 1232 (Pa. Super. 2014) (citations omitted). If an agent cannot serve her interests and that of the principal simultaneously, a conflict of interests exists. *In re Rafferty's Estate*, 377 Pa. 304 (1954). In this same vein, a conflict of interest may be premised upon evidence of self-dealing. This Court previously explained:

> The test of forbidden self-dealing is whether the fiduciary had a personal interest in the subject transaction of such a substantial nature that it might have affected his judgment in a material connection. … [T]he fiduciary's disqualifying interest need not be such as 'did affect [her] judgment' but merely such as 'might affect [her] judgment.'

*In re Est. of Harrison*, 745 A.2d 676, 679 (Pa. Super. 2000) (internal citations and emphasis omitted). If a conflict of interest is "apparent from the circumstances," no further investigation or evidence is required in order for an orphans' court to take appropriate action. *In re Est. of Andrews*, 92 A.3d at 1232; *see also id.* at 1230 (explaining that an orphans' court "on its own motion may" take action necessary to protect an estate "when, for any [] reason, the interests of the estate[ is] likely jeopardized."), *quoting* 20 Pa.C.S.A. § 3182(1)(5)).

The record supports the orphans' court's determination that Appellant maintained a clear conflict of interest which prevented her from lodging objections to the accounting on behalf of the Beneficiaries. The record establishes, without contradiction, that Appellant purchased the Farm Property from the Estate, and that, at the time she filed the objections on

behalf of the Beneficiaries, Appellant was negotiating to purchase the Estate's interest in the One Acre Property. *See* N.T. Hearing, 4/4/24, at 9-10 (Appellant's counsel indicating that Appellant purchased the Farm Property); *see also id.* at 19 (Appellant's counsel indicating that Appellant "would purchase the [One Acre Property] from the Estate"). Appellant's objections challenged the values of the Farm Property and the One Acre Property to obtain purchase price terms more favorable to Appellant as the **purchaser.** *See* Objections to Account, 3/14/24, at ¶¶ 4 and 7. In addition, if Appellant succeeded in her objections, the Estate would have been required to repay Appellant – in her individual capacity - the Estate's *pro rata* share of the real estate taxes for the Farm Property, which Appellant's husband, Darrall Mounts, paid, even though such a payment to Appellant would have reduced the Beneficiaries' interest. *See id.* at ¶ 13. Lastly, Appellant's objections sought to reclaim (for Appellant's personal benefit as the purchaser of the Farm Property) a wood burning stove which had been a fixture of the Farm Property residence. *See id.* at ¶ 3. Hence, the record showed that Appellant's objections sought to advance her personal financial interests to the detriment of the economic interests of the Beneficiaries. The trial court therefore correctly determined that Appellant's "conflict" and "self-dealing" was "clear and obvious" and, thus, no further evidence on the issue was required. Orphans' Court Opinion, 7/3/25, at 7 (footnotes omitted). Because an apparent conflict of interest is a basis for which a fiduciary may be removed, we see no reason why it cannot also serve as a basis for dismissing objections

to an accounting. *See In re Est. of Andrews*, 92 A.3d at 1232 (conflict of interest compelled removal of executrix where statutory duty to collect assets of estate would have compelled executrix to commence collection action against herself for recovery of funds previously conveyed to her out of estate).[2] As such, we affirm the orphans' court's October 28, 2024 order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/31/2026

_____

[2] As the orphans' court pointed out, Appellant is not without recourse as she may pursue a claim against the Estate in her individual capacity. *See* N.T. Hearing, 4/4/24, at 14 (the orphans' court instructing Appellant to "file a formal claim against the [E]state" if she desired reimbursement for the tax payments advanced by her husband for the Farm Property); *see also id.* at 15 (accord).